**Lavina WHITE HORSE, Suella High Elk, Yvonne Garreaux and Susan Chiu, on behalf of themselves, their children, and all others similarly situated, Appellees,**

**v.**

**Otis R. BOWEN,\* Secretary of the United States Department of Health and Human Services, Appellant,**

**and**

**James W. Ellenbecker, as Secretary of the South Dakota Department of Social Services.**

**Nos. 86–5005, 86–5006.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1986.

Decided Jan. 16, 1987.

Rehearing and Rehearing En Banc and Motion for Stay of Mandate Denied April 14, 1987.\*\*

Carlene V. McIntyre, Washington, D.C., for appellant.

Billy J. Jones, Mission, S.D., for appellees.

---

\* Secretary Bowen, Margaret M. Heckler's successor, was appointed during the pendency of this appeal and is substituted as the appellant. *See* Fed.R.App.P. 43(c).

\*\* Heaney and McMillian, Circuit Judges would have granted rehearing en banc. Lay, Heaney, McMillian and Arnold, Circuit Judges would have granted the stay of mandate.

Before HEANEY and WOLLMAN, Circuit Judges, and BATTEY,\*\*\* District Judge.

WOLLMAN, Circuit Judge.

The Secretary of Health and Human Services (Secretary) appeals the district court's order enjoining the enforcement of the Secretary's regulation, 45 C.F.R. § 206.-10(a)(1)(vii)(B) (1985), requiring that applications for public assistance for dependent children under the Aid to Families with Dependent Children program (AFDC) include siblings living in the same household.

The appellees, a class of mothers and their resident children who receive AFDC and have coresident siblings who receive either child support or Title II Social Security benefits, challenged the Secretary's regulation on several grounds. They asserted that the regulation was unfaithful to the statute it purports to implement, that it violated provisions of Title II of the Social Security Act, and that it denied them due process of law. The district court certified the class and on March 29, 1985, found that the regulation was invalid and preliminarily enjoined its enforcement. *White Horse v. Heckler*, 627 F.Supp. 848 (D.S.D.1985). On October 25, 1985, the district court dissolved the preliminary injunction and granted a permanent injunction. *Id.* at 856.

The class challenges the Secretary's regulation and the construction of 42 U.S.C. § 602(a)(38) (Supp. III 1985) that it embodies. The same statute and regulation were challenged, and all of the same statutory and constitutional arguments were raised,[1] in *Gorrie v. Bowen*, 809 F.2d 508 (8th Cir.1987), also decided today. The *Gorrie* opinion holds: "[T]he Secretary's family unit filing regulation is consistent with the statute authorizing it, with federal law gov-

---

\*\*\* The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

1. With the exception that South Dakota's state AFDC regulations, *see* S.D.Admin.R. 67:12:05:57 (1986), and child support laws are implicated in this case.

erning Title II Social Security benefits, with the state's traditional authority concerning child support matters, and with the Constitution. Moreover, to the extent that state child support law interferes with the operation of the Secretary's regulation, the state law is violative of the supremacy clause." *Gorrie*, at 524. *Gorrie* controls our decision in this case. Accordingly, the judgment of the district court is reversed and the cause is remanded for further proceedings consistent with this opinion.

HEANEY, Circuit Judge, dissenting.

I dissent for the same reasons I stated in *Gorrie v. Bowen, et al.*, 809 F.2d 508 (8th Cir.1987).