**Ruby OLIVER, et al.,**
**Plaintiffs-Appellants,**

v.

**James G. LEDBETTER, et al.,**
**Defendants-Appellees.**

No. 86–8037.

United States Court of Appeals,
Eleventh Circuit.

June 30, 1987.

Gary Leshaw, Decatur, Ga., for plaintiffs-appellants.

Phyllis J. Holmen, Atlanta, Ga., for Gunter.

Lisa J. Krisher, Georgia Legal Services, Augusta, Ga.

Amy S. Gellins, Atlanta Legal Aid, Marietta, Ga., for Roberts.

Mary F. Russell, Asst. Atty. Gen., Atlanta, Ga., for Ledbetter.

Robert T. Ross. Asst. U.S. Atty., Edgar M. Swindell, Asst. Regional Counsel, HHS, Atlanta, Ga., for Bowen.

Before KRAVITCH, CLARK and EDMONDSON, Circuit Judges.

CLARK, Circuit Judge:

This appeal presents the question of whether Old Age, Survivors, and Disability Insurance ("OASDI") benefits received by children pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (1982 & Supp. III 1985), must be included in calculating their co-resident siblings' eligibility for assistance under the Aid to Families with Dependent Children ("AFDC") program established by Title IV–A of the Social Security Act, 42 U.S.C. § 601 *et seq.* (1982 & Supp. III 1985). Appellants and the class they represent are families in Georgia whose AFDC funds have been reduced or terminated because of the inclusion of such OASDI benefits in determining AFDC eligibility and assistance levels. On statutory and constitutional grounds, ap-

pellants challenge regulations promulgated by appellee Secretary of the Department of Health & Human Services ("HHS") and implemented in Georgia by appellee Department of Human Resources. These regulations affect computation of a family unit's income for the AFDC program. Prior to October 1, 1984, a recipient of AFDC benefits who had a child receiving OASDI benefits could choose whether to include that child in the AFDC grant group. By excluding a child who resided in the household and who received OASDI income, the family could maximize its benefits because the income of the excluded child was not included in the family's income for purposes of determining the amount of the AFDC grant. Such maximization could occur only if the amount of the OASDI benefit payable for the child exceeded the per capita amount of the AFDC benefit allocable if the child were included in the AFDC family unit.

Congress changed this policy when it enacted § 2640(a) of the Deficit Reduction Act of 1984 ("DRA"), Pub.L. No. 98–369, 98 Stat. 494, 1145 (codified at 42 U.S.C. § 602(a)(38) (Supp. III 1985)).[1] Pursuant to 42 U.S.C. § 602(a)(38), the Secretary of HHS (the "Secretary") promulgated 45 C.F.R. § 206.10(a)(1)(vii) (1986),[2] which requires that all parents and siblings living in the same household with an eligible AFDC recipient be included, along with their avail-

able income, in the AFDC grant group. The district court granted summary judgment in favor of the federal and state appellees. 624 F.Supp. 325 (N.D.Ga.1985). We affirm.

## FACTS

Appellants brought this class action for injunctive and declaratory relief from federal and state implementation of the AFDC filing provision, 42 U.S.C. § 602(a)(38), on grounds that 45 C.F.R. § 206.10(a)(1)(vii) and County Letter 84–44[3] conflict with provisions governing the use of OASDI benefits, and deprive them of due process and equal protection of the law.

On August 12, 1985, appellants filed a motion for conditional certification of a state-wide class, to which the Secretary objected. On September 20, 1985, appellants filed a motion for a preliminary injunction. A consent order entered on September 26, 1985 converted these motions into a motion for class certification and a motion for summary judgment, respectively. Thereafter, the Secretary and the Commissioner filed cross-motions for summary judgment. The district court issued an opinion and order on December 16, 1985, and entered judgment on December 31, 1985, granting appellants' motion for class certification, denying appellants' motion for

1. The statute provides in pertinent part:
   in making the determination under paragraph (7) with respect to a dependent child and applying paragraph (8), the State agency shall (except as otherwise provided in this part) include—
   (A) any parent of such child, and
   (b) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of section 606(a) of this title, if such parent, brother, or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making the determination and applying such paragraph with respect to the family (notwithstanding section 405(j) of this title, in the case of benefits provided under subchapter II of this chapter)....
   42 U.S.C. § 602(a)(38) (Supp. III. 1985).

2. The regulation provides:
   (vii) For AFDC only, in order for the family to be eligible, an application with respect to a

dependent child must also include, if living in the same household and otherwise eligible for assistance:
   (A) Any natural or adoptive parent, or stepparent ...; and
   (B) Any blood-related or adoptive brother or sister.
45 C.F.R. § 206.10(a)(1)(vii) (1986).

3. The "Eligibility Services County Letter" provides in pertinent part:
   Beginning October 1, 1984, the needs and income of the parent(s) and all minor siblings or half-siblings living with a dependent child who applies for or receives AFDC must be included for eligibility determination and benefit calculation. SSI Recipients, stepbrothers, and step-sisters are excluded from this requirement. In other words, an A/R will no longer have the option to voluntarily exclude the needs or income of herself or a child from a grant.

summary judgment, granting appellees' cross-motions for summary judgment, and dismissing the action on the merits.

The AFDC program was established by Title IV–A of the Social Security Act and represents a joint effort by the federal and state governments to provide financial assistance to certain needy children and the parents or relatives with whom they reside. *See Heckler v. Turner,* 470 U.S. 184, 189, 105 S.Ct. 1138, 1141–42, 84 L.Ed.2d 138 (1985). Section 2640 of the Deficit Reduction Act ("DRA") redefined the basic AFDC filing unit to include siblings of dependent children who reside in the same household, and to require consideration of the siblings' income in determining the amount of AFDC assistance. Prior to enactment of the DRA, the custodial parent had the option of excluding children with independent sources of income from the filing unit.[4] Subsequent to passage of the DRA, the Secretary promulgated a regulation to implement § 602(a)(38), which provides that in order for a family to be eligible for AFDC, the dependent child's application must also include any blood-related or adoptive brothers and sisters. 45 C.F.R. § 206.10(a)(1)(vii)(B). Thus, state agencies must consider all income, including OASDI benefits, received by half-siblings in determining the family's eligibility for AFDC assistance. In accordance with the Secretary's regulations, the Commissioner of the Georgia Department of Human Resources issued a County Letter which instructed all county departments of Family and Children's Services to consider the needs and incomes of all parents and minor siblings in making the AFDC eligibility determination and the benefit calculation.[5]

Appellants contend that the Secretary's interpretation of 42 U.S.C. § 602(a)(38) conflicts with provisions governing the payment of OASDI benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* Recipients of OASDI benefits include minor children of insured individuals who are retired, disabled, or deceased. Pursuant to 42 U.S.C. § 405(j), the income may be paid directly to the child, or indirectly to a representative payee for that child's use and benefit. Because a representative payee who uses a payment for any purpose other than the use and benefit of an entitled recipient is subject to criminal prosecution and civil penalties under 42 U.S.C. § 408(e)[6] and the implementing regula-

---

**4.** The custodial parent always had the option of including children who received OASDI benefits in the AFDC family unit. One reason for doing this was to enable the child to qualify for Medicaid.

**5.** *See supra* note 3.

**6.** The statute provides in relevant part:
Whoever—

.    .    .    .    .

(e) having made application to receive payment under this subchapter for the use and benefit of another and having received such a payment, knowingly and willfully converts such a payment, or any part thereof, to a use other than for the use and benefit of such other person; or

.    .    .    .    .

shall be guilty of a felony and upon conviction thereof shall be fined not more than $5,000 or imprisoned for not more than five years, or both.
Any person or other entity who is convicted of a violation of any of the provisions of this section, if such violation is committed by such person or entity in his role as, or in applying to become, a certified payee under section 405(j) of this title on behalf of another indi-

vidual (other than such person's spouse), upon his second or any subsequent such conviction shall, in lieu of the penalty set forth in the preceding provisions of this section, be guilty of a felony and shall be fined not more than $25,000 or imprisoned for not more than five years, or both. In the case of any violation described in the preceding sentence, including a first such violation, if the court determines that such violation includes a willful misuse of funds by such person or entity, the court may also require that full or partial restitution of such funds be made to the individual for whom such person or entity, the court may also require that full or partial restitution of such funds be made to the individual for whom such person or entity was the certified payee.
Any individual or entity convicted of a felony under this section or under section 1383a(b) of this title may not be certified as a payee under section 405(j) of this title.
42 U.S.C. § 408(e) (Supp. III 1985). Prior to amendment in 1984, the statute provided less stringent penalties:
Whoever—

.    .    .    .    .

shall be guilty of a felony and upon conviction thereof shall be fined not more than

tions,[7] appellants argue that the income to which § 602(a)(38) refers cannot be interpreted to encompass OASDI benefits.

The district court held that OASDI benefits must be included in calculating AFDC assistance. The court first accorded substantial deference to the Secretary's interpretation of the statute because it found it to be reasonable and consistent with the plain meaning and legislative history of 42 U.S.C. § 602(a)(38). The court then found that the OASDI benefits are legally available to dependent siblings because of the clear congressional intent to include parents and siblings receiving OASDI benefits in the AFDC family filing unit, and the explicit cross-reference in § 602(a)(38) to § 405(j). 42 U.S.C. § 405(j) provides that the Secretary can direct the OASDI payment to a relative or some other person, but solely for the use and benefit of the child,[8] and § 602(a)(38) is intended to operate notwithstanding § 405(j). Finally, the district court rejected appellants' claims that the Secretary's interpretation violates their constitutional right to due process and equal protection because it found the regulation reasonable after analysis under the minimal scrutiny standard.

Research has revealed few decisions by courts of appeals on this issue.[9] In both *Gorrie v. Bowen*, 809 F.2d 508 (8th Cir. 1987), and *White Horse v. Bowen*, 809 F.2d 529 (8th Cir.1987), the same panel of the Eighth Circuit was confronted with the question of whether the Secretary could require the inclusion of co-resident siblings and their child support or OASDI income in determining the family's eligibility for AFDC benefits. In *Gorrie*, the court held that the Secretary's implementation regulation was consistent with § 602(a)(38), the federal laws governing OASDI benefits, the state's traditional role in child support matters, and the Constitution. *Gorrie*, 809 F.2d at 524. On the basis of *Gorrie*, the district court decision in *White Horse* was reversed and remanded. 809 F.2d at 530. We agree with that portion of *Gorrie* that deals with the inclusion of OASDI benefits. We need not address whether child support payments must also be included because this issue was not raised by appellants below or on appeal. In any event, this question has been resolved by the Supreme Court. In *Bowen v. Gilliard*, —— U.S. ——, 107 S.Ct. 3008, 97 L.Ed.2d 485 (1987), the Court held that requiring an AFDC family to include within its unit a child who receives child support payments from the noncustodial parent does not violate due process or equal protection or constitute a taking within the meaning of the Fifth Amendment.

## DISCUSSION

### I. Statutory Analysis

The first issue we address is whether 42 U.S.C. § 602(a)(38) requires that the receipt of OASDI benefits by a sibling be con-

---

$5,000 or imprisoned for not more than five years, or both.
42 U.S.C. § 408 (1982).

**7.** 20 C.F.R. § 404.2035 (1986) provides in relevant part:

A representative payee has a responsibility to—

(a) Use the payments he or she receives only for the use and benefit of the beneficiary in a manner and for the purposes he or she determines, under the guidelines in this subpart, to be in the best interests of the beneficiary;

20 C.F.R. § 404.2041 (1986) requires that: "The payee in his or her personal capacity, and not SSA, may be liable if the payee misuses the beneficiary's benefits."

**8.** The statute in relevant part provides:

(1) When it appears to the Secretary that the interest of an applicant entitled to a payment would be served thereby, certification of payment may be made, regardless of the legal competency or a competency of the individual entitled thereto, either for direct payment to such applicant, or for his use and benefit to a relative or some other person.
42 U.S.C. § 405(j)(1) (Supp. III 1985).

**9.** Several district courts have considered the question and reached different conclusions. *E.g., compare Frazier v. Pingree*, 612 F.Supp. 345 (M.D.Fla.1985) (granting preliminary injunction because Congress did not intend to repeal criminal sanctions applicable to representative payees), with *Showers v. Cohen*, 645 F.Supp. 217 (M.D.Pa.1986) (granting summary judgment for Secretary on grounds of statute's clear language and absence of constitutional infirmity).

sidered in determining the co-resident dependent children's eligibility for AFDC benefits.[10] Specifically, we consider whether the statute applies to OASDI benefits, and whether the statute applies to all siblings who receive these funds.

Appellants advance the argument that the statute merely requires the inclusion of "legally available" income, and that OASDI benefits do not qualify because they are not actually available for use by a child other than the intended recipient. Appellants interpret the language "(not withstanding section 405(j) of this title, in the case of benefits provided under subchapter II of this chapter)" found in § 602(a)(38) to mean that only income paid to a representative payee that is legally available can be considered for purposes of the AFDC program. Appellants contend that OASDI benefits are not legally available because a representative payee who uses the funds for a child other than the intended recipient is subject to criminal prosecution and civil penalties under 42 U.S.C. § 408 and its implementing regulations.[11] They claim that the laws governing the representative payees' responsibilities must be given full effect because no amendment or repeal of these provisions was intended by enactment of § 602(a)(38).

The plain language and legislative history of the statute simply do not support appellants' construction. We look initially to the statutory language, and then to the legislative history if the statutory language is unclear. *Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). The plain language of the § 602(a)(38) reveals Congress' intent that *"any income of or available for* such parent, brother, or sister *shall be included* in making [the AFDC] determination and applying such paragraph with respect to the family ..." if the brother or sister is living with the dependent child (emphasis added). In the event of any doubt about whether OASDI benefits are to be considered "in-

come," the statute states explicitly that it operates "(notwithstanding section 405(j) ... in the case of benefits provided under subchapter II of this chapter)." Section 405(j) would otherwise prohibit applying OASDI benefits for the use and benefit of another child. Thus, no statutory language suggests that OASDI benefits are legally unavailable to co-resident siblings.

Even were we to conclude that the meaning of the statute is unclear, the legislative history indicates that Congress intended to include OASDI benefits in determining AFDC eligibility and the amount of assistance. The Senate Committee on Finance explained that the amendment to § 602(a) would "require States to include in the filing unit the parents and all dependent minor siblings (except SSI recipients and any stepbrothers and stepsisters) living with a child who applies for or receives AFDC." Staff of Senate Comm. on Finance, 98th Cong., 2d Sess., Report on Deficit Reduction Act of 1984 980 (Comm.Print 1984). The Committee stated specifically that "[t]his change will end the present practice whereby families exclude members with income in order to maximize family benefits, and will ensure that the income of family members who live together and share expenses is recognized and counted as available to the family as a whole." *Id.* The Conference Report adopted the proposed Senate amendment to § 602(a) with only one modification, which established a monthly disregard of the first fifty dollars of child support received by a family. H.R. Conf.Rep. No. 861, 98th Cong., 2d Sess. 1407, *reprinted in* 1984 U.S.Code Cong. & Admin.News 697, 1445, 2095 (requiring "[s]tates to include in the filing unit the parents and all minor siblings living with a dependent child who applies for or receives AFDC"). The legislative history reveals that Congress intended to exclude only recipients of SSI benefits, and any stepbrothers and stepsisters of the dependent child

---

**10.** We do not decide the issue of whether a minor parent's receipt of OASDI income must be included in determining AFDC eligibility. *See Cunningham v. Toan,* 762 F.2d 63 (8th Cir. 1985) (requiring that minor parents who receive

OASDI benefits and who reside with the representative payee and a dependent child include these benefits in the AFDC determination).

**11.** *See supra* notes 6 & 7.

from § 602(a), and to disregard a portion of child support payments. No evidence suggests that Congress intended to implicitly exclude half-sibling recipients of OASDI benefits, particularly when it created explicit exceptions.

■ Appellants' arguments that OASDI benefits cannot constitute "legally available" income are misplaced. The long-standing principle of "actual availability" indeed prevents the state from creating "fictional sources of income and resources by imputing financial support from persons who have no obligation to furnish it...." *Heckler v. Turner,* 470 U.S. 184, 200, 105 S.Ct. 1138, 1147, 84 L.Ed.2d 138 (1985).[12] However, in enacting § 602(a)(38), Congress determined that most AFDC households share expenses relating to food and shelter, and thus authorized the use of OASDI benefits for co-resident siblings. The OASDI benefits are neither fictional nor imputed unfairly. We conclude that the Secretary's interpretation gives effect to the "unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984).

■ Appellants also argue that, even if the Secretary's interpretation of the statute is correct, not all siblings meet the criteria set forth in § 602(a)(38), and thus an individual assessment is required in each case. The statute provides only that a brother or a sister meeting the conditions of clauses (1) and (2) of 42 U.S.C. § 606(a) —which are minority status and deprivation of parental support or care—can be included in the AFDC assistance unit. Appellants assert that children who receive OASDI benefits are not deprived because these funds constitute financial support. The district court rejected this argument on the ground that these OASDI recipients, by definition, are under the age of 18 and satisfy the requirement of "deprivation of parental support" contained in clause (1) because they receive benefits due to the

death, disability, or absence of a parent. The district court also reasoned that Congress, by intending to include children receiving OASDI benefits in the AFDC calculation, focused on the neediness of the entire family, and not solely on the deprivation of the individual member.

We agree with the district court. The requirement in § 602(a)(38) that siblings meet the two conditions described in § 606(a) clearly encompasses children receiving OASDI benefits because these benefits are paid only to children who are both under the age of 18 and deprived of parental support. Thus, we reject both of appellants' statutory arguments as inconsistent with the plain meaning and legislative history of the statute. We accept the Secretary's regulation and Georgia's implementation of it as consistent with both.

## II. *Constitutional Issues*

■ The second issue we address is whether interpreting 42 U.S.C. § 602(a)(38) to include OASDI benefits deprives the recipient siblings of substantive or procedural due process, or equal protection of the law. We agree with the parties and the district court that classifications created by social welfare legislation must withstand a minimal level of scrutiny in order to survive due process and equal protection challenges. *Califano v. Aznavorian,* 439 U.S. 170, 174, 99 S.Ct. 471, 473, 58 L.Ed.2d 435 (1978); *Weinberger v. Salfi,* 422 U.S. 749, 772, 95 S.Ct. 2457, 2470, 45 L.Ed.2d 522 (1975). The proper standard of review is whether Congress had a rational basis for considering the income of parents, brothers, and sisters who reside together in determining eligibility for AFDC assistance. *See, e.g., Lyng v. Castillo,* 477 U.S. ——, 106 S.Ct. 2727, 91 L.Ed.2d 527 (1986).

The district court found appellants' claims to be without merit because it determined that a rational basis existed for Congress' decision to include OASDI benefits in the AFDC calculation. First, the district court noted the importance of providing

---

**12.** Congress amended the Social Security Act in 1939 because it was concerned that states might consider income available to a recipient that

was not actually used for such support. *Heckler v. Turner,* 470 U.S. at 200, 105 S.Ct. at 1147-78.

AFDC benefits only to those families who require the financial assistance. *Oliver v. Ledbetter,* 624 F.Supp. 325, 332 (N.D.Ga. 1985). Second, the district court observed that "siblings with a shared custodial parent are likely to use economies of scale and combine resources to meet their basic subsistent needs." *Id.* Third, the district court reasoned that considering OASDI benefits in determining AFDC assistance makes it possible to allocate limited public funds to the neediest families. *Id.* We examine appellants' claims in greater detail, but ultimately agree with the conclusions of the district court.

### A. *Due Process*

Appellants argue that the regulations and policy deny them substantive due process by imposing a financial burden on a sibling who bears no financial responsibility for his brothers or sisters, and by depriving the sibling of property to which he is entitled, without just compensation in violation of the Fifth and Fourteenth Amendments. Appellants also contend that they are deprived of procedural due process when the sibling is denied property to which he is legally entitled without a hearing. We need not address the second contention at great length because we find no arbitrary deprivation of a constitutionally protected property interest.

■ Appellants' claims must fail because they are based on the erroneous premise that OASDI recipients enjoy a constitutionally protected right against having the amount of their benefits modified by Congress. The "Social Security system may be accurately described as a form of social insurance, enacted pursuant to Congress' power to 'spend money in aid of the general welfare'...." *Flemming v. Nestor,* 363 U.S. 603, 609, 80 S.Ct. 1367, 1372, 4 L.Ed.2d 1435 (1960) (citation omitted). Although employees and employers contribute to a fund in anticipation of future benefits, the employee has a "non-contractual interest" in the receipt of such benefits which cannot be characterized as "accrued property rights." *Id.* at 610–11, 80 S.Ct. at 1372–73. In *Flemming,* which involved a deported

alien deprived of his Social Security retirement benefits, the Supreme Court wrote:

> To engraft upon the Social Security system a concept of "accrued property rights" would deprive it of the flexibility and boldness in adjustment to ever-changing conditions which it demands. It was doubtless out of an awareness of the need for such flexibility that Congress included in the original Act, and has since retained, a clause expressly reserving to it "[t]he right to alter, amend, or repeal any provision" of the Act.

*Id.* at 610–11, 80 S.Ct. at 1372 (citations omitted). *See also United States Railroad Retirement Board v. Fritz,* 449 U.S. 166, 174, 101 S.Ct. 453, 459, 66 L.Ed.2d 368 (1980) (railroad benefits are like Social Security benefits in that they are non-contractual and may be eliminated or reduced by Congress at any time); *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Richardson v. Belcher,* 404 U.S. 78, 80–81, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971) (expectation of public benefit like Social Security disability does not confer a contractual right to receive the expected amounts). Certainly, an OASDI recipient's interest in receiving benefits can be no greater than that of a retiree in receiving Social Security benefits.

In *Salfi,* plaintiffs challenged the duration of relationship eligibility requirement for OASDI benefits. The Court declared that "a noncontractual claim to receive funds from the public treasury enjoys no constitutionally protected status...." 422 U.S. at 772, 95 S.Ct. at 2470 (citation omitted). Thus, we conclude that appellants have no constitutionally protected property interest against a direct or an indirect diminution by Congress of their OASDI benefits.

■ Nevertheless, Congress is not free to amend the Social Security Act without limitation. *E.g., Salfi,* 422 U.S. at 768–72, 95 S.Ct. at 2468–69. In a passage from *Flemming* that is quoted often by courts considering the constitutionality of social welfare legislation, the Supreme Court wrote that:

Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as this, we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification.

363 U.S. at 611, 80 S.Ct. at 1373. Under this standard, we consider only whether the statute subjects OASDI recipients to arbitrary governmental action. We do not judge the wisdom of Congress' decision to include OASDI benefits in the AFDC calculation. Our review is deferential because "[g]overnmental decisions to spend money [Social Security funds] to improve the general public welfare in one way and not in another are 'not confided to the courts. The discretion belongs to Congress, unless the choice is clearly wrong, a display of arbitrary power, not an exercise of judgment.'" *Bowen v. Owens*, 476 U.S. 340, 106 S.Ct. 1881, 1885, 90 L.Ed.2d 316 (1986) (citations omitted).

■ When the challenged statute and implementing regulations are analyzed under this standard, it cannot be said that Congress' decision was arbitrary or irrational. The Social Security program is a "massive one [which] requires Congress to make many distinctions among classes of beneficiaries while making allocations from a finite fund." *Id.* at ——, 106 S.Ct. at 1885. The legislative history discussed above in Part I reveals that Congress intended to halt the practice of excluding family members with independent income from the AFDC family filing unit in order to maximize benefits. *See* Staff of Senate Comm. on Finance, 98th Cong., 2d Sess., Report on Deficit Reduction Act of 1984 980 (Comm.Print 1984). Furthermore, Congress recognized that family members residing together typically pool their resources to secure food and shelter. *See id.;* H.R.Conf.Rep. No. 861, 98th Cong., 2d Sess. 1407, *reprinted in* 1984 U.S.Code Cong. & Admin.News 1445, 2095. Thus, we agree with the district court that the statute is rationally related to the legislative goal of distributing limited welfare benefits to those families most in need.

Because Congress has plenary power to increase or decrease OASDI benefits, the argument that appellants have been deprived of substantive due process without adequate compensation must fail.

■ The question of procedural due process need not detain us long. Social welfare benefits "'are a matter of statutory entitlement for persons qualified to receive them.' Such entitlements are appropriately treated as a form of 'property' protected by the Due Process Clause; accordingly, the procedures that are employed in determining whether an individual may continue to participate in the statutory program must comply with the commands of the Constitution." *Atkins v. Parker*, 472 U.S. 115, 128, 105 S.Ct. 2520, 2529, 86 L.Ed.2d 81 (1985) (citing *Goldberg v. Kelly*, 397 U.S. 254, 262–63, 90 S.Ct. 1011, 1017–18, 25 L.Ed.2d 287 (1970)). In *Atkins*, a case which involved entitlement to food stamp benefits, plaintiffs argued that they had a right to an individual determination before their benefits could be reduced or terminated under a new provision of federal law. The Supreme Court rejected this argument on the ground that the case did "not concern the procedural fairness of individual eligibility determinations. Rather, it involves a legislatively mandated substantive change in the scope of the entire program. Such a change must, of course, comply with the substantive limitations on the power of Congress, but there is no suggestion in this case that the amendment at issue violated any such constraint." *Id.* at 129, 105 S.Ct. at 2529. The Supreme Court stated that the "procedural component of the Due Process Clause does not 'impose a constitutional limitation on the power of Congress to make substantive changes in the law of entitlement to public benefits.'" *Id.* at 129, 105 S.Ct. at 2529–30 (citing *Belcher*, 404 U.S. at 81, 92 S.Ct. at 257).

Appellants contend that each family deserves a predeprivation hearing before AFDC benefits may be reduced, and that a determination must be made regarding whether OASDI benefits are indeed available and utilized for household expenses. Appellants are challenging a substantive

change in the AFDC program enacted by Congress that affects the use of OASDI benefits, and we find no violation of procedural due process. We have already determined that Congress intended to include OASDI benefits as income under § 602(a)(38). Congress may establish presumptions which facilitate administration of the Social Security system and diminish perceived abuses. *See, e.g., Salfi,* 422 U.S. 749, 95 S.Ct. 2457. In *Salfi,* the Court upheld a duration of relationship requirement that irrebuttably presumed a marriage entered into less than nine months before the wage-earner's death was for the purpose of obtaining Social Security benefits. The Supreme Court considered the issue to be "whether Congress, its concern having been reasonably aroused by the possibility of an abuse which it legitimately desired to avoid, could rationally have concluded both that a particular limitation or qualification would protect against its occurrence, and that the expense and other difficulties of individual determinations justified the inherent imprecision of a prophylactic rule. We conclude that the duration-of-relationship test meets this constitutional standard." 422 U.S. at 777, 95 S.Ct. at 2472–73. In the instant case, Congress made a rational judgment that households typically pool funds to meet shared expenses, and that the AFDC calculation should be based on the total amount of income available to each family. For all of these reasons, we reject appellants' claim that the statute violates their right to procedural due process.

### B. *Equal Protection*

■ Appellants claim that the regulation and policy deprives them of equal protection under law by imposing a burden on one group of OASDI beneficiaries in an arbitrary and capricious manner. The regulation effectively divides OASDI beneficiaries into two classes: those who live with family members who are otherwise eligible for AFDC assistance, and those who do not. In the first case, the regulation compels that the OASDI benefits be used for the entire family, while in the

second case, the recipient enjoys full use of the benefits.

Although this situation may appear unfair, it does not amount to a constitutional violation. In *Belcher,* 404 U.S. 78, 92 S.Ct. 254, the Supreme Court stated that:

A statutory classification in the area of social welfare is consistent with the Equal Protection Clause of the Fourteenth Amendment if it is "rationally based and free from invidious discrimination." *Dandridge v. Williams,* 397 U.S. 471, 487, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491. While the present case, involving as it does a federal statute, does not directly implicate the Fourteenth Amendment's Equal Protection Clause, a classification that meets the test articulated in *Dandridge* is perforce consistent with the due process requirement of the Fifth Amendment. Cf. *Bolling v. Sharpe,* 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 [ (1954) ].

*Id.* at 81, 92 S.Ct. at 257. "If the classification has some 'reasonable basis,' it does not offend the Constitution simply because in practice it 'is not made with mathematical nicety or because in practice it results in some inequality.' " *Dandridge,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970).

For the reasons articulated above, the classification in the instant case is not arbitrary and does rationally further the federal and state governments' interest in distributing limited AFDC funds to the most needy families. Thus, we conclude that the implementing regulations and policy do not violate appellants' rights to equal protection or due process.

### CONCLUSION

In light of Congress' intent to amend the AFDC program to include all income of parents, brothers and sisters, including OASDI benefits, in calculating the level of assistance, we are compelled to reject appellants' statutory and constitutional challenges to the implementing regulations and policy. Our holding is limited to the context of OASDI benefits and we do not determine whether other forms of income

fall within the scope of 42 U.S.C. § 602(a)(38).

AFFIRMED.