Dorothy LaBEAUX and Gerome Paul McGee, A Minor, by Dorothy LaBeaux and Isaiah LaBeaux, Appellants,

v.

IOWA DEPARTMENT OF HUMAN SERVICES, Appellees.

No. 89–1360.

Supreme Court of Iowa.

Jan. 23, 1991.

Rehearing Denied Feb. 20, 1991.

Harry W. Zanville of Zanville Law Offices, Waterloo, for appellants.

Thomas J. Miller, Atty.Gen., Gordon E. Allen, Deputy·Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and NEUMAN, JJ.

CARTER, Justice.

Petitioners, Dorothy LaBeaux and her minor child, Gerome Paul McGee (through his guardians), appeal from an order upholding the termination of the family's Aid to Families with Dependent Children (AFDC) benefits, food stamp allotment, and medical assistance benefits.

The suit is one for judicial review of agency action under Iowa Code section 17A.19 (1989). Petitioners contend that the respondent, Iowa Department of Human Services (DHS), improperly considered money received by Gerome in the settlement of a medical malpractice claim as disqualifying income or resources in determining the eligibility of Gerome and his family for public assistance benefits. Upon considering the arguments of the parties, we reverse the district court's order and remand for further consideration.

Gerome Paul McGee suffered severe brachioplexis, and neurological and cerebral injuries at birth. His parents and guardians attributed this occurence to physician and hospital negligence in prenatal care and delivery. A medical malpractice action resulted. In 1985, that action was settled pursuant to the authority granted Gerome's guardians and conservators by the district court.

The settlement agreement provided that Gerome was to receive monthly payments of $550 for fourteen years and $750 monthly thereafter for his life with twenty years guaranteed. In addition, Gerome and his parents were to receive other substantial periodic payments at five-year intervals over a period of fifty years. The present value of the settlement payments was determined to be approximately $360,000. The total of payments to be made is more than $1,014,000.

Under the supremacy clause of the federal constitution, Iowa AFDC regulations may not contravene the federal reg-

ulatory scheme. *See Gorrie v. Bowen,* 809 F.2d 508, 516 (8th Cir.1987); *Phipps v. Iowa Dep't of Human Servs.,* 409 N.W.2d 174, 176 (Iowa 1987). Under controlling federal law, eligibility for AFDC benefits depends on the financial resources and income of the members of the "eligible group." *Gorrie,* 809 F.2d at 512.

In 1986, a federal regulation was promulgated requiring all states under the federal AFDC program to consider various lump-sum or structured payments, including personal injury awards, in the determination of benefit eligibility. 45 C.F.R. § 233.20(a)(3)(ii)(F) (1986). The Iowa regulation which implemented this requirement is found in 441 Iowa Administrative Code 41.7(9)(c) adopted in 1987. So-called "deeming rules" adopted in the Federal Deficit Reduction Act require that the income of all eligible family members who live together be deemed available to the entire group in determining eligibility. Pub.L. No. 98–369, § 2640, 98 Stat. 1145 (1984) (amending 42 U.S.C. § 602(a)). Iowa's regulations implementing this requirement are contained in 441 Iowa Administrative Code 41.7 and .8.

Because Gerome was eligible for federal Supplemental Security Income (SSI) benefits, he was not initially included in the family unit for purposes of calculating eligibility for AFDC benefits. As a result of the $550 monthly payments to Gerome's conservators under the malpractice settlement, federal administrators determined in March of 1987 that he was no longer eligible for SSI benefits. As a consequence, he was thereafter deemed to be a member of the family unit for determining AFDC, food stamp, and medical assistance eligibility. DHS determined that under the current "deeming" regulations the $550 monthly payment made to Gerome's guardians constituted family income or resources in the calculation of the family unit's eligibility for these public assistance benefits.

The initial determination of the agency was upheld by an administrative law judge under contested case hearing procedure. The administrative law judge's proposed decision was affirmed at the highest agency level with slight modifications not relevant to the present case.

In a judicial review proceeding under Iowa Code section 17A.19, the district court affirmed the agency's decision. We review appellants' challenges to the district court's order. Other facts which are material in deciding the appeal will be set forth and discussed in consideration of the legal issues which are presented.

### I. *Petitioners' Equal Protection and Due Process Challenges.*

■ We first consider petitioners' claim that, as applied to them, the amended regulations governing the family's eligibility for public assistance benefits violate their right to equal protection of the law and due process of law as guaranteed by the fourteenth amendment to the federal constitution. Petitioners urge that a strict scrutiny analysis should be applied in deciding these contentions. Although our reading of analogous Supreme Court decisions suggests that a rational-basis test is appropriate, *see Lyng v. International Union, UAW,* 485 U.S. 360, 370, 108 S.Ct. 1184, 1191–92, 99 L.Ed.2d 380, 391 (1988); *Bowen v. Gilliard,* 483 U.S. 587, 598, 107 S.Ct. 3008, 3015, 97 L.Ed.2d 485, 499 (1987), we do not believe that the level of scrutiny to be applied is controlling. Under any level of scrutiny, petitioners' constitutional challenges are posited on an unacceptable premise.

Petitioners argue that the limitations which Iowa Code section 147.136 places on the recovery of future economic losses replaced by public assistance benefits forced them to settle their medical malpractice claims on the basis of benefit eligibility requirements which existed at the time of the settlement. At that time, the regulations which rendered personal injury recoveries disqualifying income or resources had not been adopted. Consequently, petitioners urge, the amendment of the rules governing benefit eligibility has retroactively depreciated the value of their settlement in the medical malpractice case. Although this is an ingenious argument, it does not support petitioners' contention that the

new eligibility requirements are invalid as applied to them.

█ We do not doubt that petitioners, in the settling of their medical malpractice claims, did give consideration to the future availability of public assistance benefits to Gerome and other family members. Considerations of this nature are, however, always subject to the uncertainty which necessarily attends future entitlements that depend on evolving federal and state legislation. Applicants for public assistance benefits have no constitutionally protected property interest as against a direct or indirect diminution of such benefits. *Oliver v. Ledbetter*, 821 F.2d 1507, 1514 (11th Cir.1987); *Gorrie*, 809 F.2d at 525.

The settlement of petitioners' medical malpractice claim was a fait accompli at the time the regulations governing their eligibility for public assistance were altered. Congress and appropriate federal human service agencies may from time to time alter the eligibility requirements for public assistance benefits. In so doing, they may base current eligibility on circumstances which in fact exist without regard to whether those circumstances would have been different had the new eligibility requirements been predictable at an earlier time. Under the revised regulations, the moneys received pursuant to the settlement, if generally available to Gerome, disqualified the family from certain public assistance benefits.[1] This disqualification was prospective from the date of the enactment of the new eligibility standards. The fact that petitioners may not have accurately forecast the future availability of public assistance benefits at the time they settled their malpractice claims is not a circumstance which serves to invalidate the new eligibility standards on either equal protection or due process grounds.

## II. Whether Funds Paid to the Conservator Are Available to Gerome and Thus Deemed Available to the Family Unit.

█ We next consider petitioners' contention that the $550 monthly payments to the conservator were not necessarily available to Gerome so as to be deemed available to the family unit. In the application of "deeming" rules, the principle of "actual availability" requires that only income and resources actually available to a public assistance applicant or the benefited group to which the applicant belongs be considered in determining eligibility. *Heckler v. Turner*, 470 U.S. 184, 200, 105 S.Ct. 1138, 1147, 84 L.Ed.2d 138, 150 (1985).[2]

The availability principle has been considered in several cases since the passage of the Federal Deficit Reduction Act in 1984. In *Deel v. Jackson*, 862 F.2d 1079, 1084 (4th Cir.1988), *cert. denied*, 490 U.S. 1092, 109 S.Ct. 2434, 104 L.Ed.2d 991 (1989), the court noted that this principle prevents denial of AFDC benefits on the basis of income and resources imputed to an applicant but never really available for the applicant's use.

In *Gilliard*, the Court approved of sibling-deeming of child support payments. 483 U.S. at 590–91, 107 S.Ct. at 3011, 97 L.Ed.2d at 494. The principle issue in *Gilliard* was whether the requirement, that the income of all parents, brothers, and sisters must be taken into account in determining eligibility, violates the fifth amendment as applied to a family required to include a child for whom child support payments are being made. The court held that the deeming rules did not violate the due process clause. *Id.* at 603, 107 S.Ct. at 3018, 97 L.Ed.2d at 502. The Court also

---

1. In imposing the disqualification on the family unit, DHS relied on Gerome's membership in the unit and the $550 monthly payments made to his conservators. We are therefore not called upon to consider the effect on family unit eligibility of the payments made to Gerome's parents.

2. The suggestion advanced in *Phipps*, 409 N.W.2d at 178, and *Fransen v. Iowa Department*

of Human Services, 376 N.W.2d 903, 908 (Iowa 1985), that deeming rules are improper if there is no legal obligation of support is inapplicable to situations where controlling federal law has established a benefit group in which the income or resource recipient and other public assistance recipients are both included. *See Gilliard*, 483 U.S. at 604–09, 107 S.Ct. at 3018–21, 97 L.Ed.2d at 503–06.

concluded that the requirement that all family members' income be included as income of the family unit was not a taking of property without just compensation. *Id.* at 605, 107 S.Ct. at 3019, 97 L.Ed.2d at 503–04.

*Oliver v. Ledbetter,* 821 F.2d 1507, 1516 (11th Cir.1987), held that Old Age, Survivors, and Disability Insurance (OASDI) benefits of one child may be included as income of the AFDC unit in determining eligibility. *Bradley v. Austin,* 841 F.2d 1288, 1290 (6th Cir.1988), followed *Ledbetter* in holding that deeming OASDI benefits available to the family is acceptable. That case discussed the availability principle, *i.e.,* that the state cannot count income which is unavailable as a matter of law in making eligibility decisions. *Id.* at 1294. *Ledbetter* is cited for Congressional recognition that AFDC households share expenses thus authorizing a "deeming" rule as applied to coresident siblings.

Although the authorities discussed amply support DHS's conclusion that moneys available for Gerome's support may be deemed available to the family unit, none suggest that conservatorship funds are ipso facto available for Gerome's support. This matter is governed by federal and state administrative rules.

Applicable federal regulations provide:
A State Plan for ... AFDC ... must ...

Provide that in determining need and the amount of the assistance payment, after all policies governing the reserves and allowances and disregard or setting aside of income and resources referred to in this section have been uniformly applied:

. . . .

Income after application of disregards ... and resources available for current use shall be considered. To the extent not inconsistent with any other provision of this chapter, income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance.

45 C.F.R. § 233.20(a)(3)(ii)(D). In an apparent effort to implement the foregoing federal regulation, DHS rules provide:

The department shall determine whether assets from a trust or conservatorship, except one established solely for the payment of medical expenses, are available by examining the language of the trust agreement or order establishing a conservatorship.

*a.* Funds clearly conserved and available for care, support, or maintenance shall be considered toward resource or income limitations.

*b.* ... When the trustee or conservator chooses not to make the funds available, the department may petition the court to have the funds released either partially or in their entirety or as periodic income payments. Funds in a trust or conservatorship that are not clearly available shall be considered unavailable until the trustee, conservator or court actually makes the funds available. Payments received from the trust or conservatorship for basic or special needs are considered income.

441 Iowa Admin.Code 41.6(8).

In applying these regulations to the present case, we focus on whether the record at the contested case hearing permits a finding that the $550 monthly payments to Gerome's conservators under the medical malpractice settlement were (a) actually being expended for Gerome's support, or (b) legally available for his support. We are unable to find any convincing proof of either of these conditions. No evidence was offered concerning how the $550 payments were being used. Nor was there any showing of court authorization that these payments be applied in whole or in part for Gerome's benefit.

We are in no way intimating that these funds were not or could not be applied for Gerome's benefit. However, DHS's own regulations require some showing on this matter which goes beyond simply establishing payment to the conservator. The decision of what funds should be made available for Gerome's support is

within the sound discretion of the court supervising the conservatorship. *Des Moines Sav. Bank v. Krell,* 176 Iowa 437, 441, 156 N.W. 858, 860 (1916). The estate of a child cannot properly be charged with expenditures which do not fairly operate to the benefit and best interests of that child. *Irwin v. Keokuk Sav. Bank & Trust Co.,* 218 Iowa 477, 481, 255 N.W. 671, 674 (1934); *Krell,* 176 Iowa at 441, 156 N.W. at 859–60. However, it is within the court's sound discretion to allow costs to the parent making a home for a child and siblings to be paid by the child's estate. *Krell,* 176 Iowa at 443, 156 N.W. at 860.

Because in the present case the agency disqualified the family unit from public assistance benefits entirely as a result of payments made to Gerome's conservators, that decision must be reversed and the case returned to the agency for further determination of petitioners' eligibility under the correct rules of law.

III. *Medical Assistance Benefits.*

■ Irrespective of the family unit's eligibility for AFDC benefits and food stamp allotment, the family's medical assistance entitlement is based on other considerations. In *Olson v. Norman,* 830 F.2d 811, 816 (8th Cir.1987), regulations concerning eligibility for AFDC and medical assistance were compared. Those eligible for medical assistance include AFDC recipients, and those determined ineligible for AFDC because of a requirement which is specifically prohibited under medical assistance regulations. *Id.* at 814; 42 U.S.C. § 1396a(a)(10)(A)(i)(I). Under medical assistance regulations, only a parent's or spouse's income may be deemed available to other members of the eligible group. *Olson,* 830 F.2d at 815; *see* 42 U.S.C. § 1396a(a)(17)(D). Unlike AFDC, the agency may not take into account income of siblings or grandparents in determining eligibility. *Id.* at 816. In the present case, the agency determined the family unit's medical assistance eligibility by applying an incorrect legal standard.

For the reasons which we have discussed, the decision of the district court upholding the agency is reversed. The question of benefit eligibility for the family unit with respect to AFDC benefits, food stamp allotment, and medical assistance benefits is remanded to the agency for further determination not inconsistent with this opinion.

REVERSED AND REMANDED.