Mikel SHONKWILER, on behalf of himself and all others similarly situated,

James L. Shonkwiler, by and through his next friend, Brenda Shonkwiler,

Juan Spurlin, by and through his next friend Donna Morris,

Angela Hammond and

Daniel Perry, by and through their next friend Joyce Perry

All on behalf of themselves and all others similarly situated

v.

Margaret HECKLER, in her official capacity as Secretary of the United States Department of Health and Human Services and

Donald L. Blinzinger, in his official capacity as Administrator of the Indiana State Department of Public Welfare.

No. IP 84–1612–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 31, 1985.

David J. Dreyer, of Legal Services Organization of Indiana, Inc., Indianapolis, Ind., for plaintiffs.

Ann Weismann, of Civ. Div., Dept. of Justice, Washington, D.C., and Carolyn Small, Asst. U.S. Atty., Indianapolis, Ind., for federal defendant.

Gary Shaw, Deputy Atty. Gen., Indianapolis, Ind., for state defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

STECKLER, District Judge.

This matter comes before the Court on plaintiffs' application for preliminary injunction. The Court having considered plaintiffs' motion and the briefs of the parties, having heard additional evidence at a hearing conducted on January 15, 1985, and being duly advised in the premises makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Margaret Heckler is the Secretary of the United States Department of Health and Human Services, and as such is responsible for the implementation of the Aid to Families with Dependent Children program pursuant to 42 U.S.C. § 601, *et seq.*

2. Donald L. Blinzinger is the Administrator of the Indiana State Department of Public Welfare and as such is responsible for policy and the implementation of the Aid to Families with Children (hereinafter referred to as AFDC) program pursuant to Ind.Code §§ 12-1-2-12 and 12-1-2-17.

3. Under 42 U.S.C. § 602(a)(26)(A), all rights to support for eligible children receiving benefits under the AFDC program must be assigned to the State for collection, with the first fifty dollars ($50.00) returned to the AFDC family unit.

4. Under prior law, any child could choose whether to receive AFDC benefits regardless of the eligibility of their siblings and half-siblings.

5. Section 2640(a) of the Deficit Reduction Act of 1984 was passed by Congress on July 18, 1984 and implemented in Indiana on November 1, 1984.

6. Section 2640(a) provides as follows:

"[T]hat in making the determination under paragraph (7) with respect to a dependent child and applying paragraph (8), the State agency shall (except as otherwise provided in this part) include—

(A) any parent of such child, and (B) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of section 406(a), if such parent, brother, or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family (notwithstanding section 205(j), in the

case of benefits provided under Title II)."

7. Section 2640(b)(1) provides as follows:

"[T]he first $50 of such amounts as are collected periodically which represent monthly support payments shall be paid to the family without affecting its eligibility for assistance or decreasing any amount otherwise payable as assistance to such family during such month."

8. Pursuant to Section 2640(a), defendants are not required to exclude those children who are receiving Social Security benefits.

9. Defendant Heckler issued interim regulations on September 10, 1984 to amend 45 C.F.R. § 206.10 by adding the following:

"For AFDC only, in order for the family to be eligible, an application with respect to a dependent child must also include, if living in the same household and otherwise eligible for assistance:

   *    *    *    *    *    *

"(B) Any blood-related or adoptive brother or sister."

10. Defendant Blinzinger implemented the Secretary's regulation through issuance of Section 2581 of the Indiana AFDC Manual:

"AFDC may only be awarded to an eligible dependent child(ren) under age 18 for whom an application must include if living in the same household and otherwise eligible for assistance:

   *    *    *    *    *    *

"(b) Any natural or adoptive brother or sister.
"This includes an half-brother or half-sister who would be categorically eligible."

11. Mikel Shonkwiler and Brenda Shonkwiler were married in Indianapolis, Indiana, on November 17, 1979.

12. At the time of Brenda Shonkwiler's marriage to Mikel Shonkwiler she had, and currently has, custody of two minor children by a former marriage, namely, Jason Adams and Jessica Adams.

13. James L. Shonkwiler was born of the marriage of Mikel Shonkwiler and Brenda Shonkwiler on April 28, 1982.

14. Mikel Shonkwiler and Brenda Shonkwiler were granted a dissolution of marriage on June 11, 1984.

15. James L. Shonkwiler is presently two years old and resides with his mother, Brenda Shonkwiler.

16. Mikel Shonkwiler pays to Brenda Shonkwiler for support of James L. Shonkwiler the sum of Three Hundred Sixty Dollars ($360.00) per month pursuant to The Agreement Regarding Child Custody, Support, Education and Property Settlement incorporated in the Decree of Dissolution, dated June 11, 1984, filed in the Superior Court of Marion County, Room No. 5, Cause No. S583–1517.

17. James L. Shonkwiler is currently covered by his father's group health insurance, Policy No. 11051, with Golden Rule Insurance. Due to recurring ear infections, James L. Shonkwiler visits a physician approximately one time per month for the prescription of antibiotics. The insurance covers these costs and James L. Shonkwiler's father, Mikel Shonkwiler, pays all medical expenses for his son not covered by the insurance, in addition to the support payments. The costs for such medical treatment, including the physician and prescriptions, average approximately Fifty Dollars ($50.00) per month.

18. Effective November 1, 1984 Brenda Shonkwiler's AFDC grant was increased from One Hundred Ninety-two Dollars ($192.00) to Two Hundred Fifty-six Dollars ($256.00) per month due to the inclusion of rent payments in the calculation of AFDC. This constitutes the assistance for Brenda Shonkwiler and the two half-siblings of James L. Shonkwiler, Jason Adams, and Jessica Adams.

19. In November of 1984 Brenda Shonkwiler received a letter from the Marion County Department of Public Welfare stating that James L. Shonkwiler would be added to the AFDC assistance unit and that an appointment should be arranged

with her caseworker in order to discuss the effect of the addition of James L. Shonkwiler.

20. In a telephone conversation with Catherine Brewer, a caseworker, Brenda Shonkwiler stated that she would not keep the scheduled appointment because she had no intention of adding James L. Shonkwiler to the AFDC assistance unit.

21. Although the Shonkwiler household AFDC benefits were terminated because Brenda Shonkwiler did not keep her appointment, if James L. Shonkwiler had been added to the assistance unit, the entire household would have been financially ineligible for AFDC benefits.

22. In December of 1984 the Brenda Shonkwiler household was eligible for One Hundred Fifty-one Dollars ($151.00) in food stamp benefits but did not participate in the program. In January 1985 the Brenda Shonkwiler household is eligible for One Hundred Fifty-one Dollars ($151.00) in food stamp benefits and can acquire the coupons on or after January 16, 1985.

23. In December of 1984 Brenda Shonkwiler received Seventy-six Dollars and Sixty Cents ($76.60) in support from Lester Adams for Jessica and Jason Adams and will receive Seventy-six Dollars and Sixty Cents ($76.60) in January 1985.

24. Brenda Shonkwiler does not maintain separate bank accounts for the two support amounts she receives from Lester Adams and Mikel Shonkwiler.

25. Brenda Shonkwiler is employed by the North Central School System in Indianapolis and received her first check in December 1984 in the gross amount of One Hundred Fifty-six Dollars ($156.00) representing the first seven days of employment in November 1984.

26. After the probationary period Brenda Shonkwiler will be eligible for group medical insurance through the North Central School System.

27. Beginning in October 1984, Brenda Shonkwiler paid Two Hundred Fifty Dollars ($250.00) per month in rent to Mikel Shonkwiler, the father of James L. Shonkwiler.

28. Brenda Shonkwiler has appealed through the administrative hearing process the action to add James L. Shonkwiler to the household and to discontinue AFDC benefits, and an administrative hearing is set for January 17, 1985.

29. Gloria Thomas is the natural mother of Jeremy and Adam Thomas and Antonio Bartlett residing at 5905 Devington Road, Apartment 1, Indianapolis, Indiana 46226.

30. Prior to December 1, 1984 Gloria Thomas received an FDC award of One Hundred Ninety-six Dollars ($196.00) for herself and her son Antonio Bartlett.

31. Gloria Thomas was informed in November of 1984 that Jeremy and Adam Thomas must be added to the AFDC filing unit.

32. In October 1984 Jeremy and Adam Thomas received Two Hundred Eighty Dollars ($280.00) in support from their father.

33. Gloria Thomas was informed that the addition of the Thomas support amount would reduce her AFDC award to One Hundred Seven Dollars ($107.00).

34. Gloria Thomas has appealed through the administrative hearing process the action to add Jeremy and Adam Thomas to the AFDC filing unit.

35. As part of the AFDC household, Jeremy and Adam Thomas will be eligible for Medicaid benefits.

36. The Gloria Thomas household received Two Hundred Twenty-one Dollars ($221.00) in food stamps in December 1984. The household is eligible for Two Hundred Sixty-two Dollars ($262.00) in food stamps in January 1985 and can acquire those coupons on or after January 16, 1985.

37. Gloria Thomas is a nursing student and has received One Thousand Eight Hundred Dollars ($1,800.00) in grant assistance.

38. Donna M. Morris is the natural mother of Juan K. Spurlin.

39. Donna Morris resides at 1265 West 34th Street, Indianapolis, Indiana 46208 with Juan K. Spurlin, Dorren K. Morris,

Devon R. Morris, Dione T. Morris, Donna M. Morris, and DeJuan L. Gholston.

40. Effective November 1, 1984 Juan K. Spurlin was added to the household for AFDC eligibility purposes and a grant award of One Hundred Forty Dollars ($140.00) issued.

41. Effective December 1, 1984 the grant award was increased to Three Hundred Ninety Dollars ($390.00) due to a reduction in child support.

42. Juan K. Spurlin receives Three Hundred Dollars ($300.00) per month from his natural father by military allotment.

43. Once this allotment is verified it will be considered income of the AFDC household and will cause a reduction in AFDC benefits.

44. Donna Morris has appealed through the administrative hearing process the addition of Juan K. Spurlin to the AFDC household by the County Department of Public Welfare.

45. Donna Morris and the children were entitled to Two Hundred Seventy-three Dollars ($273.00) in food stamp assistance for December 1984 and are eligible for Two Hundred Eighty-seven Dollars ($287.00) in food stamps in January 1985.

46. Juan K. Spurlin, as a part of an eligible AFDC household, will receive Medicaid benefits.

47. Joyce Elizabeth Perry is the natural mother of Angela Sue Hammond.

48. Joyce Elizabeth Perry resides in subsidized housing at 258 A Peachtree Court, Greenwood, Indiana 46142 with Angela Sue Hammond and Daniel James Perry.

49. Joyce Elizabeth Perry and Angela Sue Hammond each began receiving Ninety-nine Dollars ($99.00) per month from the Social Security Administration and effective November 1, 1984 the Johnson County Department of Public Welfare took action to discontinue the AFDC grant award in the amount of Thirty-seven Dollars ($37.00).

50. Joyce Elizabeth Perry appealed the discontinuance through the administrative hearing process. A hearing was held on November 30, 1984 and the parties are awaiting a decision.

51. Joyce Elizabeth Perry and her children are entitled to One Hundred Sixty-six Dollars ($166.00) per month in food stamp assistance for December 1984 and are eligible for One Hundred Forty-four Dollars ($144.00) in food stamps for January 1985.

Conclusions of Law

■ 1. In 1981 Congress enacted changes in the AFDC program that were intended to reduce or eliminate welfare benefits because of the availability of other sources of income for those considered by Congress to be less needy than those completely without resources. *See, Philadelphia Citizens in Action v. Schweiker,* 669 F.2d 877, 879 (3d Cir.1982).

2. Consistent with this new philosophy regarding AFDC benefits, Congress further amended Title IV–A of the Social Security Act by adding 42 U.S.C. § 602(a)(38) (Deficit Reduction Act § 2640(a)).

3. This new provision requires all parents, brothers, and sisters living in the same household with an eligible AFDC recipient to be added, along with any income or resources available to them, to the household so that a determination can be made regarding the eligibility of the household for AFDC benefits.

4. The Secretary has issued interim regulations requiring that all income resources of the individuals required to be included in the assistance unit must be considered in determining eligibility and payment for the assistance unit. *See,* 49 Fed.Reg. 35588.

5. The Secretary's regulations and interpretations of those regulations are binding on the State and its agency, the Indiana State Department of Public Welfare. *See, Grubb v. Sterrett,* 315 F.Supp. 990 (N.D. Ind.1970), *aff'd,* 400 U.S. 922, 91 S.Ct. 187, 27 L.Ed.2d 182; *Bond v. Stanton,* 655 F.2d 766 (7th Cir.1981), *cert. denied sub nom. Blinzinger v. Bond,* 454 U.S. 1063, 102 S.Ct. 614, 70 L.Ed.2d 601.

6. This matter is certified as a class action containing the following class groups:

a. All children in the State of Indiana who have been, or will be, included in an assistance grant under the Aid to Families with Dependent Children program pursuant to the Deficit Reduction Act of 1984, P.L. 98–369, Sec. 2640(a), and Indiana AFDC Manual Section 2581, or whose AFDC assistance will be reduced or terminated by such inclusion.

b. All natural or adoptive, non-custodial parents in the State of Indiana whose parental support to their children has been or will be assigned to the Indiana Department of Public Welfare for all class members in subparagraph (a) above who have been, or will be, included in an assistance grant under the AFDC program, pursuant to the Deficit Reduction Act of 1984, P.L. 98–369, Sec. 2640(a) and Indiana AFDC Manual Section 2581.

7. Plaintiffs have failed to establish the essential elements necessary for the issuance of a preliminary injunction against the State and Federal defendants. *See, Libertarian Party of Indiana v. Packard,* 741 F.2d 981 (7th Cir.1984).

8. Section 2640(a) of the Deficit Reduction Act and the Secretary's regulation implementing the statutory provision are not constitutionally infirm.

9. Mikel Shonkwiler, the natural father of James L. Shonkwiler, is not irreparably harmed because his obligation to pay support is not affected by treating all siblings and half-siblings as one household for the purpose of determining AFDC eligibility.

10. The named plaintiffs and the class are not irreparably harmed inasmuch as the treatment of all family members residing in one household as a unit reflects Congress' intent, that is, if all members of the household live together it is presumed that the family shares household expenses.

11. The harm to the defendants of issuing a preliminary injunction outweighs any potential harm to the plaintiffs and class members in that Congress has clearly mandated that all siblings living in the same household be considered as one household and their incomes be combined for purposes of determining AFDC eligibility.

12. The public interest demands that Congress' and the Secretary's intent to reduce the AFDC rolls be implemented; furthermore, this congressional intent is consistent with the new public assistance philosophy, represented by the 1981 Omnibus Budget Reconciliation Act, which mandates that those states which participate in the AFDC program reduce or eliminate welfare benefits for households that have other sources of income or resources available to support themselves. *See, Philadelphia Citizens in Action v. Schweiker, supra,* 669 F.2d at 879.