**Penny CREATON, et al.,
Plaintiffs-Appellants,**

v.

**Margaret HECKLER, et al.,
Defendants-Appellees.**

No. 85-6019.

United States Court of Appeals,
Ninth Circuit.

Feb. 7, 1986.

Mark Greenberg, Los Angeles, Cal., for plaintiffs-appellants.

Fumiko H. Wasserman, George Wu, Asst. U.S. Attys., Los Angeles, Cal., Michael V. Hammang, Deputy Atty. Gen., Los Angeles, Cal., for defendants-appellees.

Before SNEED, NELSON, and NORRIS, Circuit Judges.

## ORDER

Plaintiffs move to dismiss their interlocutory appeal from the district court's denial of a preliminary injunction. We fail to see any circumstances "which demand, in the interests of justice, that this court deny appellant's motion to voluntarily dismiss." *See Shellman v. United States Lines, Inc.*, 528 F.2d 675, 678 (9th Cir.1975). In dismissing the appeal, we simply accept plaintiffs' decision to proceed to trial without interim relief from the district court. Therefore, the motion to dismiss this appeal pursuant to Fed.R.App.P. 42(b) is granted.

SNEED, Circuit Judge, dissenting:

Appellants moved to dismiss this appeal, without prejudice presumably, on the ground that their purpose in filing this suit seeking, inter alia, a preliminary injunction enjoining the application by the Secretary of a particular interpretation of 42 U.S.C. § 602(a)(38) in the computation of AFDC benefits has been met by the issuance by the Supreme Court of California of a preliminary injunction in a state court proceeding that requires the State of California to provide the benefits the appellants seek without regard to the proper interpretation of the above federal statute.

Ordinarily the opposition of an appellee to an appellant's motion to dismiss his appeal faces an uphill battle. Rule 42(b), Fed.R.App.P., plainly suggests that a court of appeals has broad discretion in responding favorably to such a motion. A favorable response is not required, however. I would not give a favorable response in this case. My reasons are as follows:

I am not certain of the basis on which the Supreme Court of California acted. Were it clear that the sole basis was independent state constitutional grounds I would grant the motion to dismiss. This would be done because the Supreme Court of California would have interpreted its constitution to command the State of California officials to pay the AFDC benefits sought here by the appellants without regard to whether or not federal law permitted the Secretary to conform to that practice and without regard to whether or not the State received matching funds from the United States. At this stage I am certain that this is not an inescapable interpretation of the Supreme Court of California's action.[1] To the extent that court relied in whole or in part on an interpretation of 42 U.S.C. § 602(a)(38), the appeal before us is as alive and not moot as are the proceedings in the State of California. Under these circumstances the appeal before us should not be dismissed. Not being certain on precisely what basis the California Supreme Court acted the prudent course appears to me to be not to dismiss the appeal. To dismiss the appeal, as the majority does, amounts to an unwise form of abstention based on the proposition that abstention is proper when a possible interpretation of state constitutional law *could* render the meaning of federal law on which the federal case turns irrelevant. As mindful as I am of the interests of states, this strikes

---

1. The California Supreme Court's order reads as follows:

The appeal entitled *Simon et al. v. McMahon, etc., et al.*, A032772, presently pending in the Court of Appeal, First Appellate District, Division One, is transferred to this court and a writ of supersedeas is issued directing the defendants to refrain from enforcing the op-

eration of Welfare and Institutions Code section 11008.14 pending the disposition of the appeal. The appeal, A032772, is retransferred to the Court of Appeal, First Appellate District, Division One, for disposition on the merits.

The petition for review in A032285, is DENIED as moot.

**1432**

me as a more expansive use of the abstention doctrine than I believe wise.

My second reason is that it is very likely that a disposition of this appeal would expedite the resolution of the dispute between the class before us and the state and federal governments. However we might decide this case it cannot avoid impacting on all parties to the dispute. Even if the State of California is subject to a California constitutional mandate immune from federal interference, the State, following our decision, could move with greater sureness in resolving the financial problems that such a situation would create. And were we to uphold the appellants' interpretation of 42 U.S.C. § 602(a)(38), I cannot believe that this would not hasten the day of resolution of this dispute.

My third reason is that to dismiss this appeal at this time is to waste the effort of this court in expediting this appeal and deliberating for a period of several months. Our burdens are too great to embrace such profligacy with respect to our time. Counsel for appellants were engaged in the state litigation during the course of the litigation now before us. Frequently the use of state and federal forums simultaneously is possible; but counsel who choose such a course should anticipate that they might obtain two results which may be incompatible. In any event, the burden to be carried in obtaining a dismissal of an appeal in one, upon obtaining a favorable result in the other, should be substantial.

I, therefore, respectfully dissent.