Maria **ROSADO**, Priscilla Golden, Angelica Saldana, Sharon Thomas, Norma Taylor, Nydia Cruz, each individually and on behalf of their respective plaintiff minor children and on behalf of all other persons in New Jersey similarly situated, Plaintiffs,

v.

Otis R. **BOWEN**, Secretary of Health and Human Services, and Geoffrey S. Perselay, Acting Commissioner of the New Jersey Department of Human Services, Defendants.

Civ. A. No. 86–1766.

United States District Court,
D. New Jersey.

Dec. 22, 1987.

Michaelene Loughlin, Essex–Newark Legal Services Corp., New Jersey Civil Liberties Union, Richard Foard, Essex–Newark Legal Services Corp., Newark, N.J., Jack Fitzgerald, Warren County Legal Services, Belvidere, N.J., and Harris David, Legal Services of New Jersey, New Brunswick, N.J., for plaintiffs.

Melissa E. Hager, Deputy Atty. Gen., Trenton, N.J., and Thomas A. Bryan, Sp. Asst. U.S. Atty., Newark, N.J., for defendants.

## OPINION

LECHNER, District Judge.

This is a class action [1] in which the plaintiffs seek injunctive and declaratory relief from federal and state regulations promulgated under § 402(a)(38) of the Deficit Reduction Act of 1984 ("DEFRA"),[2] 42 U.S.C. § 602(a)(38).

---

1. This action was originally before the Honorable H. Lee Sarokin and was subsequently transferred to me by order, dated July 16, 1986.

2. This statute reads, in relevant part:
 (a) Contents
 A state plan for aid and services to needy families with children must—
 (38) provide that in making the determination under paragraph (7) with respect to a dependent child and applying paragraph (8), the State agency shall (except as otherwise provided in this part) include—
 (A) any parent of such child, and
 (B) any brother or sister of such child, if such brother, or sister meets the conditions described in clauses (1) and (2) of section 606(a), if such parent, brother or sister is living in the same home as the dependent child; and any income of or available for such parent, brother, or sister shall be included in making such determination and apply-

Specifically, plaintiffs alleged seven causes of action and complain that: (1) the federal regulation implementing the DEFRA provision, 45 C.F.R. § 206.10(a)(1)(vii)(B) and New Jersey practice which include plaintiffs in AFDC assistance units, violate the DEFRA amendment, 42 U.S.C. § 602(a)(38), as well as 42 U.S.C. § 606(a)(1) (Complaint, First Cause of Action, ¶ 62); (2) considering child support payments and Social Security benefits for determining AFDC eligibility violates 42 U.S.C. 601 *et seq.* and the implementing regulation, 45 C.F.R. § 206.10(a)(1)(vii)(B) (Complaint, Second Cause of Action, ¶ 66); (3) defendants' actions violate the federal statute prohibiting the assignment of benefits 42 U.S.C. § 407 (Complaint, Third Cause of Action, ¶ 68); (4) assuming plaintiffs' benefits to be available to other family members violates plaintiffs' Fourteenth Amendment Due Process Rights (Complaint, Fourth Cause of Action, ¶ 72); (5) including child support in the income of the AFDC unit infringes on state family law, and violates the Fifth, Ninth and Tenth Amendments (Complaint, Fifth Cause of Action, ¶ 76); (6) terminating Medicaid benefits as a result of the inclusion of income pursuant to the DEFRA amendment violates the Medicaid statute, 42 U.S.C. § 1396a(a)(17)(D), and its implementing regulations, 42 C.F.R. § 435.602(a)(1) and 435.113 (Complaint, Sixth Cause of Action, ¶ 82); and (7) forcing plaintiffs to use Title II benefits for other than their intended use violates plaintiffs' Due Process and Equal Protection rights under the Fifth and Fourteenth Amendments (Complaint,

Seventh Cause of Action, ¶ 88). Plaintiffs also seek a preliminary and permanent injunction, enjoining defendants from the above practices.

In this motion plaintiffs seek summary judgment or in the alternative an injunction on all causes of action alleged in the complaint. Defendants have cross-moved for summary judgment on all causes of action. I reserved judgment on this motion pending the Supreme Court's decision in *Bowen v. Gilliard*, 483 U.S. ——, 107 S.Ct. 3008, 97 L.Ed.2d 485 (1987). In light of this decision and for the reasons discussed below, plaintiffs' motion for summary judgment is granted in part and denied in part. Defendants' cross-motion for summary judgment is granted in part and denied in part.

I. Facts

The facts of this case are undisputed and have been stipulated to by the parties. Defendant Otis R. Bowen is the Secretary of the Department of Health and Human Services. He is responsible for adopting regulations implementing the Social Security Act and for ensuring that states which participate in the AFDC and Medicaid programs comply with the Social Security Act.

At the time of commencement of this action, defendant Geoffrey S. Perselay was the Acting Commissioner of the Department of Human Services of the State of New Jersey;[3] the Commissioner of this department is generally responsible for administration of the AFDC program, N.J.S.A. 30:4B–1, *et seq.* and the Medicaid pro-

---

ing such paragraph with respect to the family (notwithstanding section 405(j), in the case of benefits provided under subchapter II of this chapter); ....

Section 606(a) provides:

(a) The term "dependent child" means a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home (other than absence occasioned solely by reason of the performance of active duty in the uniformed services of the United States), or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, step-

mother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place or residence maintained by one or more of such relatives as his or their own home, and (2) who is (A) under the age of eighteen, or (B) at the option of the State, under the age of nineteen and a full-time student in a secondary school (or in the equivalent level of vocational or technical training), if, before he attains age nineteen, he may reasonably be expected to complete the program of such secondary school (or such training);

42 U.S.C. § 606(a).

**3.** The present commissioner is Drew Altman.

gram, N.J.S.A. 30:4D–1, *et seq.*[4]

Prior to the passage of DEFRA, a child who was independently supported was not required to apply for AFDC or to be included in the AFDC unit.[5] With the promulgation of the DEFRA regulations, however, a child who is independently supported must apply for AFDC and be included in the AFDC unit. When the independently supported child does apply for AFDC, the amount of that support, be it child support or Social Security, is counted in the family's AFDC eligibility determination and in calculating the AFDC grant amount. The inclusion of this support generally results in a family unit receiving a smaller grant amount or in some cases being denied or ineligible for AFDC. When AFDC benefits are denied or terminated due to DEFRA requirements the State of New Jersey automatically denied or terminates a claimant's eligibility for Medicaid.

Plaintiffs, as class representatives,[6] appear for those New Jersey residents who have been or will be adversely affected by defendants' interpretation of the DEFRA amendment, § 602(a)(38).

Plaintiff Priscilla Golden is the natural mother and custodial parent of three children who do not share the same father. Prior to November, 1985, she received monthly AFDC benefits of $404.00 along with Medicaid for herself and two older children. Her youngest child received $200 per month in child support until April, 1984, when he began receiving $280 per month in Social Security on his retired father's account. In October, 1985, Golden was required by the Essex County Welfare Department ("ECWD") to add her youngest child to the AFDC grant and include his Social Security benefits in the family's income. As of January 1, 1986, as a result of the increased total income, Golden's benefits under AFDC were reduced to $176 per month. Presently, the payment is subject to recoupment due to previous overpayments, reducing the amount to $139 per month.

Plaintiff Angelica Saldana is also the natural mother and custodial parent of children who do not share the same father. Saldana reapplied for AFDC in February, 1986 and was required to include her daughter, who receives $233 per month in Social Security, in the family unit. The family was classified as a five person household entitled to $526 per month. The Social Security payment was subtracted from the family's AFDC grant. Before DEFRA, Saldana would have received a four person grant of $465, and Saldana's daughter would have received the $233 Social Security payment.

Plaintiff Sharon Thomas lives with her seven minor children. Prior to DEFRA, she was receiving AFDC of $556 per month ($617 grant minus $61 recoupment), Medicaid for herself and six children, and

---

**4.** The State of New Jersey relies on the brief submitted by the Secretary of the United States Department of Health and Human Services for its position in this matter.

**5.** Independently supported children include those children supported by Social Security on account of a deceased, absent, retired or disabled parent. This category also includes children supported by child support. These children do not share a common father or they do not share a common mother with their half-siblings with whom they reside.

**6.** Plaintiffs were certified as a class on October 16, 1986. This class includes:

(a) Children in the State of New Jersey who had been independently supported by Social Security or child support and who were or will be required to be included in an AFDC assistance unit pursuant to DEFRA.

(b) Children in the State of New Jersey whose AFDC and Medicaid benefits have been or will be terminated or denied because of the inclusion of half siblings' Social Security or child support in calculating AFDC eligibility pursuant to DEFRA.

(c) Parents in the State of New Jersey who have children in their custody who receive Social Security benefits and/or child support, which has been or will be attributed to others in their household, and whose AFDC assistance and/or Medicaid benefits will be reduced, terminated or denied by such inclusion.

Plaintiff, Maria Rosado, named in the caption, has been removed from this action through stipulation and agreement of the parties for voluntary dismissal, dated October 21, 1986.

her oldest daughter received $533 in Social Security per month. Effective January, 1986, Thomas receives Medicaid, an AFDC grant of $139 per month (reduced to $69 because of recoupment), and her oldest daughter's Social Security ($533 per month).

Prior to February, 1986, plaintiff Norma Taylor and her daughter received $307 per month in AFDC. In November, 1985, Taylor obtained custody of her son when his father died. In February, 1986, Taylor began receiving $448 per month in Social Security as representative payee for her son. Taylor was required to report the Social Security income to the Warren County Welfare Board. As a result, Taylor's AFDC and Medicaid payments were terminated. Taylor now receives $140 per month in child support for her daughter and $448 in Social Security for her son.

Plaintiff Nydia Cruz lives with her three minor children who do not share a common father. Prior to DEFRA, Cruz received $307 in AFDC benefits per month and Medicaid for herself and her oldest child. She also received $280 per month in child support and medical insurance and expenses for her two younger children pursuant to a divorce decree. In October, 1985, Cruz was required to include her two younger children in the AFDC grant and to assign their child support payments to ECWD which received them directly from the Probation Department of Essex County. Since DEFRA, Cruz and her three children receive $465 AFDC per month (which is currently reduced to $409 because of recoupment for unreduced benefits during her administrative appeal).

Class member David Vine lives with his wife, his child and his wife's child from a previous marriage, Robbie Carroll. Mrs. Vine is totally disabled and receives $367 per month in Social Security Income ("SSI"). Prior to October, 1986, David Vine received $404 in AFDC and Medicaid for himself and the two children. When Robbie Carroll's father died in January, 1986, Robbie was awarded $549 per month in Social Security. In September, 1986, as a result of the increased family income due to Robbie's Social Security benefits, the Warren County Welfare Board notified David Vine that the family's AFDC and Medicaid would be terminated.

## II. Discussion

### A. Standard for Summary Judgment

To prevail on a motion for summary judgment, the moving party must establish "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The district court's task is to determine whether disputed issues of fact exist, but the court cannot resolve factual disputes on a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). All evidence submitted must be viewed in a light most favorable to the party opposing the motion. *See Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986).

As has been previously stated, there are no factual disputes in this case. The resolution of issues depends wholly upon the interpretation of specific statutory language as well as the applicable law. Therefore, summary judgment is appropriate in this instance.

### B. Deeming of Child Support and Social Security

For the purposes of the Social Security laws and regulations, " 'deeming' means that a State determines eligibility for a program's benefits by assuming that a portion of another person's income is 'available' to the applicant." *Malloy v. Eichler*, 628 F.Supp. 582, 585 (D.Del.1986) (citing *Herweg v. Ray*, 455 U.S. 265, 267, 102 S.Ct. 1059, 1062, 71 L.Ed.2d 137 (1982)). The Supreme Court has further noted, "[b]ecause an individual's eligibility for benefits depends in part on the financial resources that are 'available' to him, '[d]eeming ... has the effect of reducing both the number of eligible individuals and the amount of assistance paid to those who qualify.' " *Herweg*, 455 U.S. at 267, 102 S.Ct. at 1062 (quoting *Schweiker v. Gray*

*Panthers,* 453 U.S. 34, 36, 101 S.Ct. 2633, 2636, 69 L.Ed.2d 460 (1981)).

■■■ Plaintiffs challenge as unconstitutional the DEFRA regulations requiring the deeming of a child's Social Security benefits or child support payments for determining AFDC eligibility and grant amount for the entire family unit. When these benefits or payments are included plaintiffs receive less grant money or have their benefits denied or terminated. Plaintiffs claim the DEFRA amendment violates the Fifth, Tenth and Fourteenth Amendments to the United States Constitution. In light of the Supreme Court's recent decision in *Bowen v. Gilliard,* 483 U.S. ——, 107 S.Ct. 3008, 97 L.Ed.2d 485 (1987), I reject these arguments.

*Gilliard* involved a class action by persons from North Carolina who were subject to the deeming provisions of AFDC. Plaintiff Gilliard sought to exclude her seventh child from the unit used to determine benefits, because that child was receiving child support from his father. By excluding this child, the family unit would receive greater benefits. Prior to the passage of § 602(a)(38), plaintiffs had successfully prevented the state from including this child in the unit. *Gilliard v. Craig,* 331 F.Supp. 587 (W.D.N.C.1971), *aff'd,* 409 U.S. 807, 93 S.Ct. 39, 34 L.Ed.2d 66 (1972). After the DEFRA amendment was enacted in 1984, plaintiffs were required to include the income of all parents and siblings living in the same home in order to be eligible for AFDC benefits. As a result, their overall benefits were lowered. 483 U.S. at ——, 107 S.Ct. at 3010–12, 97 L.Ed.2d at 493–94.

Plaintiffs challenged this requirement; the District Court of North Carolina concurred with plaintiffs' assertion that the DEFRA amendment violated the Due Process and Takings Clauses of the Fifth Amendment, as well as the Takings Clause. *Gilliard v. Kirk,* 633 F.Supp. 1529 (W.D.N.C.1986). On appeal, the Supreme Court reversed.

The Supreme Court found the DEFRA regulation requiring a child receiving child support to be included within an AFDC family unit was constitutional. *Id.* 483

U.S. at ——, 107 S.Ct. at 3015–3018, 97 L.Ed.2d at 499–502. Reviewing the statute, the Court chose to apply a deferential standard recognizing the " 'plenary power [of Congress] to define the scope and the duration of the entitlement to ... benefits, and to increase, to decrease, or to terminate those benefits based on its appraisal of the relative importance of the recipient's needs and the resources available to fund the program.' " *Id.* 483 U.S. at ——, 107 S.Ct. at 3015, 97 L.Ed.2d at 499, (quoting from *Atkins v. Parker,* 472 U.S. 115, 129, 105 S.Ct. 2520, 2528, 86 L.Ed.2d 81 (1985)). Therefore, the Court examined the rationality of the amendment and rejected plaintiffs' claim that the amendment should be subjected to a form of "heightened scrutiny." *Id.* 483 U.S. at ——, 107 S.Ct. at 3017–18, 97 L.Ed. at 501–02.

The Supreme Court found that section 402(a)(38) of DEFRA rationally serves goals of Congress by decreasing government expenditures as well as fairly distributing scarce resources among competing needy families. 483 U.S. at ——, 107 S.Ct. at 3015–3018, 97 L.Ed.2d at 499–502. As the Court has previously noted, the "procedural component of the Due Process Clause does not 'impose a constitutional limitation on the power of Congress to make substantive changes in the law of entitlement to public benefit.' " *Atkins v. Parker,* 472 U.S. 115, 129, 105 S.Ct. 2520, 2528, 86 L.Ed. 2d 81 (1985) (quoting *Richardson v. Belcher,* 404 U.S. 78, 81, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971)). Based upon this reasoning, the Court in *Gilliard* concluded the deeming provisions of DEFRA did not violate the Due Process Clause of the Fifth Amendment. 483 U.S. at ——, 107 S.Ct. at 3018, 97 L.Ed.2d at 502.

The Supreme Court's decision in *Gilliard* also held that section 402(a)(38) of DEFRA does not violate the Fifth Amendment's Takings Clause. 483 U.S. at ——, 107 S.Ct. at 3018–21, 97 L.Ed.2d at 502–06. The Court reasoned the inclusion of the child support income in the AFDC family's benefit calculation had no legal effect on the child's right to have child support income used for his or her benefit. *Id.* at ——, 107

S.Ct. at 3018–20, 97 L.Ed.2d at 503–04. The Court further concluded the supported child had no vested protectable expectation that his custodial parent would continue to receive identical support payments on the child's behalf. The Court held that child support income for purposes of AFDC benefits is not protected by the Takings Clause. *Id.* at ——, 107 S.Ct. at 3020–21, 97 L.Ed.2d at 505–06.

In light of the Supreme Court's opinion in *Gilliard,* the deeming provisions of DEFRA do not violate the Due Process Clause nor the Takings Clause of the Fifth Amendment. Furthermore, the rational relation standard of review used for due process analysis is the same standard as that applied to an equal protection argument under the Fifth and Fourteenth Amendments when examining statutory classification in the area of social welfare. *See, e.g., Dandridge v. Williams,* 397 U.S. 471, 487, 90 S.Ct. 1153, 1163, 25 L.Ed.2d 491 (1970). Accordingly, the deeming provisions do not violate the Equal Protection Clause of the Fourteenth Amendment or the Fifth Amendment.

While the *Gilliard* decision is dispositive of plaintiff's constitutional challenges to the deeming of child support from a noncustodial parent, the opinion's rationale may also be read to extend to the deeming of a child's Social Security benefits (Title II payments) for the determination of AFDC benefits. Supporting such a reading of *Gilliard* is the Supreme Court's decision to vacate the decision of the District Court in *Lesko v. Bowen,* 639 F.Supp. 1152 (E.D. Wis.1986) and remand for further proceedings. —— U.S. ——, 107 S.Ct. 3253, 97 L.Ed.2d 752 (1987).

The District Court in *Lesko* held that deeming Title II payments, as well as child support, for purposes of AFDC eligibility was unconstitutional. 639 F.Supp. 1152. Thus, the Supreme Court's decision to vacate the *Lesko* decision in light of *Gilliard* indicates the Supreme Court did not intend to distinguish between child support payments and Title II payments as income in making AFDC determinations.

The reasoning of the Supreme Court holding that it was permissible for Congress to adjust the AFDC program to reflect the fact that support money provides significant benefits for the entire family unit, 483 U.S. at ——, 107 S.Ct. at 3016, 97 L.Ed.2d at 500, is just as applicable to a finding that Title II funds would be used in a manner which would benefit the entire household. Accordingly, because there is no reason for distinguishing between child support payments and social security benefits in this context, plaintiffs' constitutional challenge to the deeming of Social Security benefits is also rejected.

Plaintiffs also challenge the Secretary's interpretation of section 402(a)(38) of DEFRA as implemented by 45 C.F.R. § 206.10(a)(1)(vii)(B).[7] Plaintiffs assert the implementing regulation violates and is inconsistent with other provisions of the Social Security Act, and also infringes upon New Jersey's power to regulate child support payments. Plaintiffs contend the inclusion of a child and his social security benefits in the family unit for AFDC purposes violates 42 U.S.C. § 405(j) and § 408(e)[8] which prohibit the use of such

---

**7.** That regulation reads as follows:
 (a) *State plan requirements.* A State plan under title I, IV–A, X, XIV, or XVI(AABD), of that Social Security Act shall provide that:
 (1) Each individual wishing to do so shall have the opportunity to apply for assistance under the plan without delay. Under this requirement:
 \* \* \* \* \* \*
 (vii) For AFDC only, in order for the family to be eligible, an application with respect to a dependent child must also include, if living in the same household and otherwise eligible for assistance:
 \* \* \* \* \* \*

 (B) Any blood-related or adoptive brother or sister.

**8.** Section 408(e)'s criminal provision must be read in conjunction with § 405(j) which gives an individual the right to accept payment on behalf of a recipient.
 Section 405(j) states:
 **(j) Direct or indirect certification**
 When it appears to the Secretary that the interest of an applicant entitled to a payment would be served thereby, certification of payment may be made, regardless of the legal competency or incompetency of the individual entitled thereto, either for direct payment

payments for anyone but the beneficiary. Furthermore, plaintiffs argue the prohibition on assignment of benefits contained in 42 U.S.C. § 407,[9] prevents the Secretary from deeming a child's Title II benefits. The class also contends the children included in the AFDC unit are not "needy" or "deprived of parental support or care" within the definition of 42 U.S.C. § 606(a),[10] and therefore, cannot be included in the family unit as required by § 602(a)(38). Finally, plaintiffs maintain New Jersey law prohibits the assignment of child support payments and that state law is not preempted by the DEFRA deeming provision. I have considered each of the above arguments and reject them.

■ While the Supreme Court has not considered the statutory issues presented by plaintiffs above, several lower courts have addressed these arguments. The majority of these courts have upheld the Secretary's interpretation of the statute, and allowed a child's Social Security benefits or child support payments to be included in an AFDC family unit's income. *See, e.g., Gorrie v. Bowen,* 809 F.2d 508 (8th Cir.1987); *White Horse v. Bowen,* 809 F.2d 529 (8th Cir.1987);[11] *Oliver v. Ledbetter,* 821 F.2d 1507 (11th Cir.1987); *Sherrod v. Hegstrom,* 629 F.Supp. 150 (D.Or.1985), *aff'd* 828 F.2d 23 (9th Cir.1987); *Creaton v. Heckler,* 625 F.Supp. 26 (C.D.Cal.1985), *appeal dismissed,* 781 F.2d 1430 (9th Cir.1986); *Huber v. Blinzinger,* 626 F.Supp. 30 (N.D.Ind. 1985); *Shonkwiler v. Heckler,* 628 F.Supp. 1013 (S.D.Ind.1985). I concur with the reasoning of these courts and conclude the DEFRA amendment permits the inclusion of a child's Social Security benefits in the AFDC unit's income.

The plain language of the statute evidences Congress' intent that Title II payments are to be considered in determining eligibility for AFDC benefits. Section 602(a)(38) requires the determining agency to include "*any* income of or available for such parent, brother or sister...." 42 U.S.C. § 602(a)(38) (emphasis added). Congress has placed no limitations or distinc-

---

to such applicant, or for his use and benefit to a relative or some other person.

Section 408(e) states:

Whoever—

(e) having made applications to receive payment under this subchapter for the use and benefit of another and having received such a payment, knowingly and willfully converts such a payment, or any part thereof, to a use other than for the use and benefit of such other person; ... shall be guilty of a felony and upon conviction thereof shall be fined not more than $5,000 or imprisoned for not more than five years, or both.

9. This statute reads:

**§ 407. Assignment**

**(a) Inalienability of right to future payments**

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

**(b) Inamendability of section by inference**

No other provision of law, enacted before, on, or after the date of the enactment of this section, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

10. This section reads in relevant part:

**§ 606. Definitions**

When used in this part—

(a) The term "dependent child" means a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home (other than absence occasioned solely by reason of the performance of active duty in the uniformed services of the United States), or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place or residence maintained by one or more of such relatives as his or their own home, and (2) who is (A) under the age of eighteen, or (B) at the option of the State, under the age of nineteen and a full-time student in a secondary school (or in the equivalent level of vocational or technical training), if, before he attains age nineteen, he may reasonably be expected to complete the program of such secondary school (or such training);

11. The cases of *Gorrie v. Heckler,* 624 F.Supp. 85 (D.Minn.1985), *rev'd,* 809 F.2d 508 (8th Cir. 1987), and *White Horse v. Heckler,* 627 F.Supp. 848 (D.S.D.1985), *rev'd, White Horse v. Bowen,* 809 F.2d 529 (8th Cir.1987) which had been extensively relied upon in the plaintiffs' brief, were subsequently reversed by the Eighth Circuit after the submission of briefs by the parties.

tions as to the type of income to be considered by the agency. Furthermore, the language in section 602(a)(38) "notwithstanding section 405(j), in the case of benefits provided under Title II," leaves no doubt the prohibitions placed upon the transfer of Title II benefits have been waived by Congress for purposes of the DEFRA amendment. Section 405(j) allows a relative or other person to receive Title II payments for the use and benefit of the eligible applicant on whose behalf such payments are accepted. Section 408(e) imposes criminal sanctions for use of funds awarded under § 405(j) (and forwarded to a representative payee) for any purpose other than the use and benefit of the applicant. *See supra,* note 8. Thus, by including the "notwithstanding section 405(j)" language, Congress has specifically decided to make an exception to these requirements in implementing § 602(a)(38). The exception carved out by Congress recognizes the potential conflict which could arise and illustrates Congress intended the restrictions on representative payees "should not be applied to interfere with the operation of section 602(a)(38)." *Gorrie,* 809 F.2d at 518.

Similarly, plaintiffs' challenge based upon § 407 fails. It is true that § 407 places a strict prohibition upon the assignment of Title II benefits. However, as was noted by the Eighth Circuit in *Gorrie,* the DEFRA amendment does not result in an assignment or transfer of Title II benefits, but merely requires the inclusion of such income in the family filing unit. 809 F.2d at 517. Thus, the restriction placed upon the use of any legal process to attach Social Security benefits is not applicable for purposes of deeming under § 602(a)(38).

Additionally, plaintiffs claim the Secretary's regulation which implements the DEFRA amendment seeks to unlawfully deem income which is unavailable. This viewpoint is based upon the plaintiffs' assessment that this income is unavailable because of the statutory inconsistencies, as well as the assertion that the children being included within the AFDC unit are not "needy" or "deprived of parental support

or care" within the meaning of § 606(a). It has previously been determined there are no inconsistencies in applying § 602(a)(38) with other portions of the Social Security Act. Likewise there is no merit in plaintiffs' contention that children must be needy, or deprived of parental support or care, before they may be included in the filing unit.

Section 602(a)(38) requires a child's siblings to satisfy sections 606(a)(1) and (2) before they may be included in the AFDC unit. However, it is important to note that the word "needy" precedes clauses (a)(1) and (a)(2) of § 606; it is not contained within either clause. *See supra,* n. 2. "These clauses do not require a child to be needy; that requirement precedes the clauses. Consequently, Congress' reference to sections 606(a)(1) and (2) does not preclude a congressional intent that independently supported children may be included in AFDC applications." *Gorrie,* 809 F.2d at 514.

Similarly, plaintiffs have incorrectly interpreted the language of section 606(a) that a child must be "deprived of parental support or care" in order for the statute to apply. While it may be true many of the children are independently supported, they still are lacking in the aspect of care from a missing parent. Given this absence of care, the children are deprived of parental support or care within the meaning of § 606(a)(1) and (2). Thus, the children can be included within the family AFDC unit under section 602(a)(38).

Lastly, the class argues the deeming amendment does not pre-empt state family law. Plaintiffs contend state family law prohibits the use of child support for the use of anyone but the child beneficiary, and thus conclude child support cannot be included in the income for the AFDC unit because such a use would result in an illegal transfer of funds.

Plaintiffs concede Congress may override state law, but only if it has satisfied the two-part test applied by the Supreme Court in *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). This standard requires that before

a conflicting federal law will be used to override a state family law, Congress must have: (1) "positively required by direct enactment" such a result; and (2) the state law must do "major damage" to "clear and substantial federal interests." *Hisquierdo*, 439 U.S. at 581, 99 S.Ct. at 808. However, as the Supreme Court noted in *McCarty v. McCarty*, 453 U.S. 210, 221, 101 S.Ct. 2728, 2735, 69 L.Ed.2d 589 (1980), the *Hisquierdo* decision did not limit the first prong to express statutory language which overrode the state laws. Rather, the *Hisquierdo* decision provided that "[t]he pertinent question[ ] [is] whether the right as asserted conflicts with the express terms of federal law...." *McCarty*, 453 U.S. at 221, 101 S.Ct. at 2735 (quoting *Hisquierdo*, 439 U.S. at 583, 99 S.Ct. at 809). Applying these standards to the instant case, I find the DEFRA amendment has met these criteria, and under the Supremacy Clause,[12] state law must yield to the filing unit provision of DEFRA. *See Gorrie*, 809 F.2d at 521–22; *White Horse v. Bowen*, 809 F.2d 529 (8th Cir.1987).

Although Congress did not specifically state its intention to override state law in § 602(a)(38), an examination of the legislative history of the amendment, as well as other provisions of the Social Security Act established such intent. Examining the status of the law prior to the passage of § 602(a)(38), the Senate noted methods which families had employed to maximize their AFDC benefits and other income:

> There is no requirement in [the then] present law that parents and all siblings be included in the AFDC filing unit. Families applying for assistance may exclude from the filing unit certain family members who have income which might reduce the family benefit. For example,

a family might choose to exclude a child who is receiving social security or child support payments, if the payments would reduce the family's benefits by an amount greater than the amount payable on behalf of the child.

S.Rep. No. 169, 98th Cong.2d Sess. 980 (Comm. Print 1984).

Moreover, in considering the DEFRA amendment, Congress recognized the parties who would be affected by the statute. *Include all minor children in the AFDC unit, except for disabled children receiving SSI.* Currently an AFDC family may choose to exclude from the AFDC unit any children who have significant income which might reduce the family's AFDC benefit. *Most commonly, these are children receiving social security or child support income.* Under the Administration's proposal, the needs and income of all related children (except SSI disabled children), would be considered in determining AFDC eligibility and benefit payments.

S. Print No. 97–11, Senate Comm. on Finance, 97th Cong.2d Sess. 41, "Data and Materials for the Fiscal Year 1983 Finance Committee Report under the Congressional Budget Act" (February 1982) (emphasis added).

Through its passage of § 602(a)(38), it is apparent Congress sought to discontinue the exception of independent siblings from the family unit used to determine benefits. By including siblings in these units, Congress eliminated the family's option of including a child receiving social security or child support. Furthermore, Congress specifically exempted the first fifty dollars of a child's monthly child support from AFDC determination in 42 U.S.C. § 602(a)(8)(A)(vi).[13] By doing so, Congress

---

**12.** "This Constitution, and the laws of the United States which shall be made in pursuance thereof * * * shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding." U.S. Const. Art. VI.

**13.** 42 U.S.C. § 602(a)(8)(A)(vi) provides:

 A state plan for aid and services to needy children must—

 * * * * * *

 (8)(A) provide that, with respect to any month, in making the determination under paragraph (7), the State agency—

 * * * * * *

 (vi) shall disregard the first $50 of any child support payments received in such month with respect to the dependent child or children in any family applying for or receiving aid to families with dependent children (including support payments collected and

expressed its intent to affect child support with the enactment of section 602(a)(38) and include such support in determining AFDC eligibility and benefits. *See Gorrie,* 809 F.2d at 521.

Having satisfied the first prong of the test, I next consider whether a substantial federal interest is harmed by allowing the state law to prevail. The DEFRA is aimed at substantially reducing the deficit of the federal budget. Reduction of the deficit was of particular importance to Congress in passing the Act. *See, Gorrie,* 809 F.2d at 521. Moreover, given the possible economic consequences and savings resulting from DEFRA, there would indeed be "major damage" to substantial federal interests if state law were held to limit the DEFRA amendment. Thus, plaintiffs' state law challenge fails.

Given the plain language of the statute, as well as its legislative history, plaintiffs' construction of the amendment is misplaced. The interpretation of DEFRA by the Secretary was correct in allowing Social Security benefits and child support to be included in the AFDC filing unit.

## C. *Termination of Medicaid Benefits*

In addition to their claims regarding the deeming of child support and Social Security payments, plaintiffs challenge New Jersey's automatic termination of Medicaid benefits when a recipient is declared ineligible for AFDC as a result of the deeming of a sibling's income. Plaintiffs contend such deeming is specifically prohibited by the Medicaid regulations, and the DEFRA amendment, 602(a)(38), was not intended to affect the determination of Medicaid eligibility. There is merit in this claim; summary judgment will be granted in favor of the plaintiffs as to this issue.

 The Medicaid program is a cooperative effort in which the national government and the participating states jointly "reimburse certain costs of medical treatment for needy persons." *Harris v. McRae,* 448 U.S. 297, 301, 100 S.Ct. 2671, 2680, 65 L.Ed.2d 784 (1980). The program

was established in 1965 to provide payments for medical services to certain needy individuals. 42 U.S.C. § 1396; *Schweiker v. Gray Panthers,* 453 U.S. 34, 37, 101 S.Ct. 2633, 2636, 69 L.Ed.2d 460 (1981). Participation in the Medicaid program is not mandatory, but states choosing to participate must comply with requirements of the Act and regulations thereunder. 42 U.S.C. § 1396b. *Schweiker,* 453 U.S. at 37, 101 S.Ct. at 2636.

States participating in the Medicaid program must provide assistance to the "categorically needy", which group includes parents and children receiving support under the AFDC program. "Categorically needy" individuals are those persons receiving ADFC or those "who would be eligible for ADFC except for an eligibility requirement used in that program that is specifically prohibited under [Medicaid]." 42 U.S.C. § 1396a(a)(10)(A)(i)(I); 42 C.F.R. § 435.100 *et seq.; Vance v. Hegstrom,* 793 F.2d 1018, 1020 (9th Cir.1986).

Prior to the passage of DEFRA, certain plaintiffs qualified as categorically needy and accordingly received Medicaid benefits automatically. Since DEFRA, however, the State of New Jersey has terminated or denied eligibility for Medicaid when AFDC benefits are terminated as a result of the DEFRA deeming requirements.

Defendants contend Congress intended that the filing unit provision apply to Medicaid eligibility determinations as well as AFDC eligibility. Defendants cite the legislative history of 602(a)(38) as support for their argument. However, the legislative history of the amendment is not so clear as to establish the applicability of the DEFRA statute to determining Medicaid eligibility. While some of the reports cited by the Secretary indicate Congress' expectation that the AFDC changes would result in Medicaid savings, there is no provision which illustrates the DEFRA amendment was intended to modify the Medicaid Act. As one court has noted in this context: "[C]ongressional silence on an AFDC statute cannot modify an express provision of the Medicaid statute." *Reid v. Blinzinger,*

paid to the family under section 657(b) of this title);

639 F.Supp. 130, 134 (S.D.Ind.1986), *aff'd*, 816 F.2d 296 (7th Cir.1987).

The Medicaid statute, 42 U.S.C. § 1396a(a)(17)(D),[14] and regulations implementing the statute specifically prohibit the deeming of sibling income as is currently required by DEFRA. The only income deeming permitted in the Medicaid program is from spouse to spouse or from parent to child under age 21. In addition, the regulations implementing section 17(D) state: "Except for a spouse of an individual or a parent for a child who is under age 21 or blind or disabled, the [state] agency *must not* consider income and resources of any relative available to an individual...." 42 C.F.R. § 435.602(a)(1) (emphasis added).

Defendants attempt to circumvent this prohibition by distinguishing between income which is "deemed" and that which is "actually available" to a Medicaid claimant. Defendants argue the inclusion of an individual within the filing unit is not "deeming", and suggest the sibling income is available because that individual is a member of the filing unit. Defendants seek to buttress this claim by showing that the income of any sibling *voluntarily* included in the AFDC unit has been considered in assessing Medicaid eligibility, and therefore, involuntary inclusion of sibling income must be permitted as well.

I am unpersuaded by these arguments. As was recently noted by the Eighth Circuit considering the Secretary's analogy to voluntary inclusion: "The instant dispute has nothing to do with those who voluntarily include otherwise excludable persons in their filing unit. The issue here is whether the Secretary can deny Medicaid benefits to children based on the income of siblings who are involuntarily included in the filing unit." *Olson v. Norman*, 830 F.2d 811, 817 (8th Cir.1987).

The Secretary's argument that the inclusion of a child's Social Security benefits or support payments within the filing unit is not deeming is "a distinction without a difference." *Id.* at 817 (quoting *Sundberg v. Mansour*, 627 F.Supp. 616, 621 (W.D.Mich.1986)), *reversed*, 831 F.2d 610 (6th Cir.1987) (see comment on the Sixth Circuit decision, *supra* n. 15.) "[W]hether resources of one family member are actually available to another is an inherently individual inquiry. If the Secretary assumes that such income is available, without considering the situation of the particular family, he is 'deeming'." *Id.* at 818. By assuming a sibling's income is available, the Secretary is deeming, regardless of whether the individual is included in the filing unit. "The [Medicaid] statute does not distinguish between members of the filing unit and those outside the unit." *Id.* at 817. The unambiguous language of § 1396a(a)(17)(D) specifically prohibits deeming a sibling's income for determining Medicaid benefits. Given these factors, the impropriety of the Secretary's interpreta-

**14.** That subsection reads as follows:

(a) Contents

A State plan for medical assistance must—

\* \* \* \* \* \*

(17) except as provided in subsection (1)(3) of this section, include reasonable standards (which shall be comparable for all groups and may, in accordance with standards prescribed by the Secretary, differ with respect to income levels, but only in the case of applicants or recipients of assistance under the plan who are not receiving aid or assistance under any plan of the State approved under subchapter I, X, XIV, or XVI, or part A of subchapter IV of this chapter, and with respect to whom supplemental security income benefits are not being paid under subchapter XVI of this chapter, based on the variations between shelter costs in urban areas and in rural areas) for determining eligibility for and the extent of medical assistance under the plan which ...

(D) do not take into account the financial responsibility of any individual for any applicant or recipient of assistance under the plan unless such applicant or recipient is such individual's spouse or such individual's child who is under age 21 or (with respect to States eligible to participate in the State program established under subchapter XVI of this chapter), is blind or permanently and totally disabled, or is blind or disabled as defined in section 1382c of this title (with respect to States which are not eligible to participate in such program); and provide for flexibility in the application of such standards with respect to income by taking into account, except to the extent prescribed by the Secretary, the costs (whether in the form of insurance premiums or otherwise) incurred for medical care or for any other type of remedial care recognized under State law;

tion is apparent. A state may not deem a sibling's income for purposes of Medicaid eligibility.

In *Malloy v. Eichler*, 628 F.Supp. 582 (D.Del.1986), the court considered this issue and concluded, "[a]t no time has the Court allowed the Secretary or any State agency to count income belonging to someone other than a spouse or parent as 'available' to an applicant." *Id.* at 595 (citing *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970)). Thus, defendants' argument that including all income of AFDC filing members is permitted under the Medicaid Act fails.

Defendants' last contention seeks judicial deference from this court to the administrative interpretation of the statute. While it is true an administrative interpretation is deserving of substantial deference, one which is inconsistent with Congressional purpose or arbitrary and capricious will be rejected and overturned. *Herweg v. Ray*, 455 U.S. 265, 275, 102 S.Ct. 1059, 1066, 71 L.Ed.2d 137 (1982); *Morton v. Ruiz*, 415 U.S. 199, 237, 94 S.Ct. 1055, 1075, 39 L.Ed. 2d 270 (1974). As I previously noted, 42 U.S.C. § 1396a(a)(17)(D) specifically and unambiguously prohibits deeming of income, unless from a spouse or parent. By allowing New Jersey to consider a sibling's income as available for determining Medicaid, the Secretary's interpretation is in direct contradiction with the plain language of this statute. Accordingly, the Secretary's interpretation exceeds his statutory authority.

I note this holding is consistent with an overwhelming majority of those jurisdictions which have already considered this issue. *See Childress v. Bowen*, 833 F.2d 231 (10th Cir.1987); *Olson v. Norman*, 830 F.2d 811 (8th Cir.1987); *Vance v. Hegstrom*, 793 F.2d 1018 (9th Cir.1986); *Mitchell v. Lipscomb*, 689 F.Supp. 1439 (S.D.W. Va.1987); *Ward v. Wallace*, 652 F.Supp. 301 (M.D.Ala.1987), *modified*, 658 F.Supp. 441 (1987); *Reed v. Blinzinger*, 639 F.Supp. 130 (S.D.Ind.1986), *aff'd*, 816 F.2d 296 (7th Cir.1987); *Malloy v. Eichler*, 628 F.Supp. 582 (D.Del.1986); *Gibson v. Puett*, 630 F.Supp. 542 (M.D.Tenn.1985).[15]

Given the absence of any indication that § 602(a)(38) was intended to apply to Medicaid, in addition to the clear and specific language of the Medicaid statute, as well as the relevant case law and legislative history, I find that the State of New Jersey may not automatically terminate Medicaid benefits as a result of AFDC denial due to the deeming of child support or Social Security.

*Conclusion*

Based upon the foregoing, I deny summary judgment for the plaintiffs with respect to their challenges to the deeming of child support and Social Security for purposes of determining AFDC eligibility and grant amount, as set forth in causes of action one, two, three, four, five and seven of the Complaint. Defendants' cross-motion for summary judgment is granted as to these causes of action. Plaintiffs are granted summary judgment on the issue of the automatic termination of Medicaid benefits raised in their sixth cause of action. Defendants are directed to immediately review their files and to provide Medicaid coverage to all class members whose Medicaid coverage was terminated or denied as a result of the deeming of half-sibling income pursuant to 42 U.S.C. § 602(a)(38). The above relief is dispositive

---

15. *But see, Sundberg v. Mansour*, 831 F.2d 610 (6th Cir.1987) (court concluded § 602(a)(38) intended siblings' income be considered in determining Medicaid eligibility). For the reasons set forth above, I disagree with the Sixth Circuit's conclusion that the filing requirements of § 602(a)(38) apply to Medicaid eligibility determinations. The Sixth Circuit relied on the unclear legislative history of DEFRA and gave excessive deference to the Secretary's interpretation of the statute. Moreover, the holding in *Sundberg* is directly contrary to the specific, unambiguous prohibition on deeming of 42 U.S. C. § 1396a(a)(17)(D). Counsel for the plaintiffs has informed the court a petition for rehearing en banc has been filed in *Sundberg*. On December 4, 1987 the Sixth Circuit ordered the government to file a response to the petition. I also reject the Secretary's criticisms of those decisions contrary to his position. Neither the legislative history nor the plain language of § 602(a)(38) supports the Secretary's criticism of the overwhelming case law against him.

of all issues. Plaintiffs' request for costs and attorneys' fees is denied. Each side is to pay its own costs and attorneys' fees.

SO ORDERED.